LILES, Acting Chief Judge.
Plaintiff Parker, appellee here, came to Clearwater from Miami for the purpose of attending a flight training school. Parker rented an apartment from appellant Rogers on a six-month lease. After living in the apartment for a while, Parker returned to Miami for the Christmas holidays.
The rental payment on the apartment in question did not arrive on the due date, January 5, 1969. Appellant inspected the apartment and determined that appellee had abandoned the premises. The apartment was then cleaned and re-rented, and Parker’s belongings were put in a garage. Parker’s rent check arrived in Rogers’ office on January 8, 1969, the same day that Parker returned to find someone else living in his apartment. Parker brought suit against Rogers in the Circuit Court of Pinellas County, alleging that he was wrongfully evicted, and that certain valuable articles missing from the apartment had been converted by Rogers. The circuit court granted summary judgment in favor of Parker on the issue of wrongful eviction.
Appellant Rogers appeals from this summary judgment and contends that a jury should determine whether or not Parker *429 was wrongfully evicted. We find the appellant’s contention to be correct.
Rule 1.510(c), FRCP, 31 F.S.A., allows summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Florida courts have held that even if there is no contradiction in the evidence, a summary judgment is not proper if the facts in evidence are reasonably susceptible of conflicting inferences. Pan American Distributing Co. v. Sav-A-Stop, Inc., Fla.App.1960, 124 So.2d 753; Touart v. Gonzalez, Fla.App.1963, 156 So.2d 656.
The inferences to be drawn from the evidence in this case could reasonably lead to different conclusions. It is for the jury to decide if appellee was wrongfully evicted or if appellant correctly assumed that the apartment had been abandoned.
Accordingly, the order granting summary judgment is reversed and the case is remanded for further action consistent with this opinion.
PIERCE and MANN, JJ., concur.