373 So.2d 719 (1979)
Donna D. SNYDER, Appellant,
v.
CHEEZEM DEVELOPMENT CORP., a Florida Corporation, Appellee.
No. 78-1924.
District Court of Appeal of Florida, Second District.
August 8, 1979.
Martin Earl Rice, St. Petersburg, for appellant.
Walter Logan and John T. Allen, Jr., St. Petersburg, for appellee.
SCHEB, Judge.
Appellant contends that entry of a summary judgment was improper because there existed a genuine issue of material fact. We agree and reverse.
Donna D. Snyder, plaintiff, sued defendant, Cheezem Development Corporation, for breach of a contract allegedly between Snyder and Cheezem whereby Cheezem agreed to sell Snyder a condominium unit. The contract named Cheezem as the "seller" on the first page, but was executed on the second page by American Design and Development *720 Corporation, a wholly owned subsidiary of Cheezem.
Cheezem admitted the existence of the contract in its initial pleadings. Following a change of counsel, however, Cheezem moved to amend its pleadings. The motion was granted and Cheezem, by its amended answer, denied that there was a contract between it and Snyder, alleging instead that the contract was between Snyder and American. Cheezem then moved for summary judgment, attaching affidavits to its motion from its corporate officers. The affidavits indicated that there was no deposit recorded on Cheezem's books for the transaction, and that American was an independent entity, even though wholly owned by Cheezem, and had executed the contract on its own behalf and not as an agent of Cheezem. Snyder did not file counteraffidavits. The trial court granted final summary judgment for Cheezem.
A party to a civil suit is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla.R.Civ.P. 1.510(c). The burden is on the moving party to demonstrate conclusively that the nonmoving party cannot prevail. Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3d DCA 1977); see Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966).
In the Snyder contract, there is an ambiguity as to the identity of the seller between the language on page one and the execution on page two. The trier of fact should resolve that ambiguity at trial. Although suits on written instruments often lend themselves to summary judgment, such a procedure is improper where, as here, the written instrument contains a material ambiguity. Westchester Fire Insurance Co. v. In-Sink-Erator, 252 So.2d 856 (Fla. 4th DCA 1971); Commercial Trading Co. v. Zero Food Storage, Inc., 199 So.2d 109 (Fla. 3d DCA 1967).
We reverse and remand for further proceedings consistent with this opinion.
HOBSON, Acting C.J., and RYDER, J., concur.