BASKIN, Judge.
William and Walter Guthrie appeal two partial summary judgments in favor of Florida Power & Light Company [FPL] on Walter Guthrie’s claim alleging malicious prosecution and William Guthrie’s claim alleging abuse of process. We affirm.
The essential facts giving rise to Walter Guthrie’s malicious prosecution claim are succinctly stated by the trial court:
The subject matter of this litigation stems from incidents occurring April 16, 1982, between William Lain Guthrie (“William”) and Rogert L. Fritze and W.T. Bethea, employees of FPL. Walter was not an active participant in the subject incidents. However, the State Attorney on June 15, 1982, filed criminal charges against Walter, instead of William. The State Attorney dismissed the criminal charges against Walter, and refiled the same charges against William. Walter then brought this action for malicious prosecution against FPL.
The dispositive question presented for review in this cause is whether FPL’s employees induced the institution of the criminal proceeding filed against Walter Guthrie, or, as FPL contends, whether the criminal proceeding against Walter Guthrie was initiated not by any actions of FPL, but purely by the mistake of an assistant state attorney.
According to the governing rule of law, a plaintiff alleging malicious prosecution is required to establish six elements:
(1) a criminal proceeding was commenced or continued against the plaintiff; (2) the defendant commenced or caused the commencement of such proceedings; (3) the criminal proceeding had a bona fide termination in the plaintiff’s favor; (4) there was no probable cause for commencing criminal proceedings; (5) the defendant acted with malice; and (6) the plaintiff suffered damage. (Emphasis supplied)
Weissman v. K-Mart Corp., 396 So.2d 1164, 1167 (Fla. 3d DCA 1981); Shidlowsky v. National Car Rental Systems, Inc., 344 So.2d 903 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 516 (Fla.1978).
It is well settled that a malicious prosecution claim is established only where there is a concurrence of these six elements and that the absence of any one of these elements is fatal to the action. Clements v. Eastern Airlines, Inc., 183 So.2d 264 (Fla. 3d DCA), cert. denied, 192 So.2d 486 (Fla. 1966).
The trial court determined that:
The material fact fully and fairly made known to the State Attorney’s office by FPL’s employees was that William, and not Walter, was the person involved in the incident occurring on April 16, 1982. Therefore, the commencement of the criminal proceedings against Walter was not caused by the employees of FPL, but solely by mistake of the State Attorney’s *1034 office. There is no genuine issue on this material fact.
We agree with the trial court that the record presents no genuine issue of material fact on-this essential element of malicious prosecution and, accordingly, affirm the entry of summary judgment in favor of FPL on Walter Guthrie’s malicious prosecution claim. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982); Johnson v. Gulf Life Insurance Co., 429 So.2d 744 (Fla. 3d DCA 1983).
Finding no merit in the contentions raised by William Guthrie concerning his abuse of process claim, we affirm the partial summary judgment in favor of FPL on that claim.
Affirmed.