490 So.2d 101 (1986)
Constance LINDEMAN, Appellant,
v.
C.J. STOLL, INC., and Dinah Carver, Appellees.
No. 85-114.
District Court of Appeal of Florida, Second District.
April 30, 1986.
As Modified on Denial of Rehearing June 20, 1986.
*102 C. Samuel Newman of L.D. Beltz & Associates, St. Petersburg, for appellant.
John T. Allen, Jr., and Neil E. Polster of John T. Allen, Jr., P.A., St. Petersburg, for appellee C.J. Stoll, Inc.
Kenneth C. Whalen and G.L. Morlan of Whalen & Morlan, Tampa, for appellee Dinah Carver.
SCHEB, Acting Chief Judge.
Appellant Constance Lindeman filed a suit for malicious prosecution against appellees C.J. Stoll, Inc. and Dinah Carver. Count I sought compensatory damages and Count II sought punitive damages.
In her amended complaint, the appellant alleged that she issued Stoll a check for $837.04 on July 27, 1981 to pay for repairs to her recreational vehicle. Four days later, while on a trip, the appellant determined the repairs were not properly accomplished and, subsequently, stopped payment on her check. In September, when she returned from her trip, appellant met with Stoll's managers. When an agreement was not reached regarding the proper amount of appellant's bill, appellee Carver, Stoll's agent, swore out a bad check affidavit for appellant's arrest.
The state subsequently charged appellant with violating section 713.58, Florida Statutes (1981). That statute makes it a misdemeanor for a person with intent to defraud to remove personal property on which a lien has accrued. The appellant was arrested and released on bail. On February 10, 1983, the state attorney entered a nolle prosequi in her case.
The trial court denied the appellees' motion to dismiss Count I of appellant's amended complaint but granted the motion as to Count II for punitive damages. After the appellees answered and asserted affirmative defenses to Count I, they moved for summary judgment. The trial court granted the motion and awarded the appellees a final summary judgment. This appeal ensued.
The appellant challenges both the award of the summary judgment and the prior order dismissing her Count II seeking punitive damages. We reverse on both points.
To establish a cause of action for malicious prosecution, a plaintiff must allege and prove each of the following elements: (1) the commencement or continuation of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of a probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. Guthrie v. Florida Power and Light Co., 460 So.2d 1032 (Fla. 3d DCA 1985); Central Florida Machinery Co., Inc. v. Williams, 424 So.2d 201 (Fla. 2d DCA 1983).
The parties do not dispute the existence of elements 1, 2, and 6 in this case. However, appellant argues the court erred in holding there were no genuine issues of material fact regarding the absence of probable cause and the presence of malice. Moreover, she contends that the state's nolle prosequi of the charges against her represented a termination of the proceedings in her favor.
Appellees, on the other hand, urge that under the circumstances summary judgment was proper. Appellees' affidavits and depositions attest that they performed their work satisfactorily and that appellant stopped payment on her check and refused to pay the full amount billed for services and parts. Appellees, therefore, conclude they were justified in taking the action they did. Further, they cite Burns v. GCC Beverages, Inc., 469 So.2d 806 (Fla. 1st *103 DCA 1985), for the proposition that once the judge signed the warrant for appellant's arrest, probable cause was presumed.
In appellant's affidavit opposing appellees' motion for summary judgment, she asserts that she voluntarily met with Stoll's service manager and general manager to discuss the repairs to her vehicle and the correct amount of charges. At that time she presented them with a written list of complaints, along with a copy of a bill incurred for having work performed on her vehicle to correct repairs improperly performed by Stoll. Further, she states that while she was attempting to reach an agreement with Stoll, Stoll's employees refused to discuss the matter with her until she paid the full amount of Stoll's bill.
Appellant contends that because Carver, Stoll's agent, knew that she was disputing in good faith the correct amount of the charges, there is a fact issue on the absence of probable cause to institute criminal charges against her.
The parties also dispute whether Carver sufficiently communicated the details of the dispute between Stoll and appellant to the sheriff's office before swearing out a warrant for her arrest. In his initial deposition, the sheriff's deputy who handled the affidavit for the warrant for appellant's arrest did not recall whether Carver had mentioned the existence of a dispute. In a later deposition, he acknowledged that a dispute always exists in cases of this type, and he implied that he had been told of the existence of some dispute. The record does not reveal, however, whether any details of the dispute were communicated by Stoll's agents to the sheriff's deputy.
As we observed in Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla. 2d DCA 1979), a summary judgment should not be granted where there is the slightest doubt as to the existence of material fact. And, of course, the burden is on the movant to demonstrate conclusively that no material issues remain for trial. Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966); Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
A lack of probable cause can be shown by proof that a criminal proceeding was instituted on the basis of facts susceptible to being explained as innocent conduct. Harris v. Lewis State Bank, 482 So.2d 1378 (Fla. 1st DCA 1986). Notwithstanding the presumption arising from issuance of a warrant, if pertinent information was withheld or not properly reported, appellees would not be insulated from liability simply because a warrant was issued and charges were filed against appellant. See Lloyd v. Hines, 474 So.2d 376 (Fla. 1st DCA 1985); Burns. Here, the record reveals facts which would permit different reasonable inferences; therefore, it was error to enter summary judgment. Moore v. Morris, 475 So.2d 666 (Fla. 1985).
Furthermore, we see no merit to appellees' argument that appellant cannot establish a bona fide termination of the prior proceedings in her favor because the state entered a nolle prosequi in those proceedings. The essential element of a bona fide termination in a plaintiff's favor is satisfied where the prosecutor in good faith enters a nolle prosequi or declination to prosecute in the prior proceedings. See, e.g., Gatto v. Publix Supermarkets, Inc., 387 So.2d 377 (Fla. 3d DCA 1980); Jackson v. Biscayne Medical Center, Inc., 347 So.2d 721 (Fla. 3d DCA 1977); Calleja v. Wiley, 290 So.2d 123 (Fla. 2d DCA 1974).
Finally, we think the trial court also erred in dismissing Count II in which appellant sought punitive damages. An award of punitive damages requires proof of legal malice and, in a malicious prosecution action, such malice may be inferred from a lack of probable cause. Adams v. Whitfield, 290 So.2d 49 (Fla. 1974). Appellant's complaint alleged that appellees' actions demonstrated a clear intent to "willfully, wantonly, oppressively, and maliciously" cause appellant to be criminally prosecuted merely to coerce her to pay an alleged debt. We think this allegation, combined with appellant's allegations in Count I, which she incorporated into Count *104 II, sufficiently stated a cause of action for punitive damages.
Reversed and remanded.
FRANK and SANDERLIN, JJ., concur.