PARKER, Judge.
Albertina Dettloff, as personal representative and administrator of the estate of Raymond Edward Dettloff, appeals a final summary judgment entered against her and in favor of Abraham Chevrolet, Inc. (Abraham). We reverse.
In 1983, Mr. Dettloff was struck and killed by a pickup truck driven by Morton Smith. An investigation revealed that a short time before this accident while Mr. Dettloff was traveling eastbound on Interstate 4 in Hillsborough County, his vehicle apparently spun out of control and ended up in a ditch just beyond exit 6D. There was no evidence to indicate that Mr. Dett-loff's vehicle was ever in the exit lane, which is a separate lane from the two eastbound lanes of Interstate 4. There were no witnesses to this occurrence, and no other traffic was involved. Mr. Dettloff left his vehicle, walked to a nearby telephone, and after a brief call to his wife to explain what had happened, he telephoned for a tow truck. Mr. Dettloff then returned to the vicinity of his vehicle to await the tow truck. While he waited for assistance, Mr. Dettloff was kneeling in the “v” of a grassy area, with Interstate 4 comprising one-half of the “v” and the exit roadway comprising the other half of the “v”.
A short time later when Smith attempted to exit Interstate 4, his vehicle suddenly and unexpectedly began to slide off the curve in the exit roadway and struck Mr. Dettloff. The tires on Smith’s truck were almost without tread, and the truck contained Smith and three other adults in the cab.
Mrs. Dettloff filed an action against Abraham alleging negligence in rerouting or failing to discover improperly routed oil lines which led to oil leaks causing oil to spray onto the highway and tires of Mr. Dettloff’s vehicle which caused or contributed to Smith’s truck striking and killing Mr. Dettloff. Nine months earlier, the Dettloffs had purchased the vehicle in question as a used automobile from Abraham. The Dettloffs also purchased a special third party mechanical warranty entitling them tó free or discounted repairs during the life of the warranty. Mr. Dett-loff frequently returned the vehicle to Abraham and had complained of an oil leak and excessive oil consumption. In fact, Mr. Dettloff had brought the vehicle to Abraham on the day of the accident, making no complaint of an oil leak, but complaining of excessive oil use. An Abraham mechanic began an oil consumption test that day.
In support of its motion for summary judgment, Abraham offered the expert opinion of the highway patrol investigator that the accident and Mr. Dettloff’s death were caused by the poor mechanical condition of Smith’s truck which included slick tires, an overcrowded cab, a wet road, and the excessive speed of Smith’s truck. The investigator stated that he found no evidence of oil leaking from Mr. Dettloff’s vehicle or on the road. Further, the investigator concluded that Smith’s vehicle and Mr. Dettloff’s vehicle did not travel the same path on Interstate 4.
Mrs. Dettloff countered that evidence with three statements. First, Smith testified he returned to the scene the next day to ascertain the reason that his truck left the road and observed that “there was a lot of gravel on the road and it was greasy, oily.” Second, Mrs. Dettloff presented the testimony of Jose Rios, a mechanic who examined the Dettloff vehicle after the accident. Rios testified that he immediately discovered the oil leak when he started the vehicle. Rios determined that the oil leak in the oil cooler lines caused a spray of oil *747 to contact with the left side tires of the vehicle when the engine was running. Rios further determined the leak was due to improper repair or servicing of the vehicle in that the oil lines were twisted together and the lines were missing support brackets. Rios concluded that over time, engine vibration caused the two oil lines to rub, eventually causing a fine jet spray of oil to reach the left side tires. Third, Jeff Williams, a technical specialist, testified by affidavit that in his opinion these oil leaks were a substantial, contributing cause of the accident which resulted in Mr. Dett-loff’s death.
The trial court granted Abraham’s motion for summary judgment finding that Abraham sufficiently supported its claim of the nonexistence of a genuine issue of fact and that Mrs. Dettloff failed to demonstrate such an issue. Specifically, the trial court found that all Mrs. Dettloff had shown was that the vehicle leaked or consumed oil, but that there was “nothing to establish that any oil leak occurred at or near the vicinity of the accident, or on the roadway on approach to it, nor does the evidence show any act or omission by [Abraham] in its place of business prior to the accident which could conceivably have caused or contributed to it.”
Historically, the courts in Florida have applied summary judgment procedures with special caution in negligence actions. Holl v. Talcott, 191 So.2d 40 (Fla.1966). The burden is upon the moving party to conclusively demonstrate that there are no genuine issues of material fact. Clark v. Van De Walle, 332 So.2d 360 (Fla. 2d DCA 1976); Smith v. Avis Rent-A-Car System, Inc., 297 So.2d 841 (Fla. 2d DCA 1974). The movant’s burden is substantial, and summary judgment is improper “[i]f the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist_” Snyder v. Cheezem Development Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979). Even if there is no contradiction in the evidence, a summary judgment should not be entered if the facts in evidence are reasonably susceptible of con-Dieting inferences. Rogers v. Parker, 241 So.2d 428 (Fla. 2d DCA 1970).
Obviously, we make no determination in this opinion regarding the merits of this action or the extent to which Mr. Dettloff may have contributed to his own death. We believe, however, considering the evidence in the light most favorable to Mrs. Dettloff, there are genuine issues of material fact. It is reasonable to infer from the evidence that Abraham either negligently repaired the Dettloff vehicle by misrouting the oil lines or, at least, should have discovered the misrouted lines in its attempts to correct the oil leak or consumption problem, that the Dettloff vehicle sprayed oil, and that there was oil on the pavement where the Smith truck left the road which resulted in Mr. Dettloff being struck and killed.
The trial court’s order granting the summary judgment is reversed, and this cause is remanded for further proceedings in the trial court consistent with this opinion.
REVERSED AND REMANDED.
RYDER, A.C.J., and THREADGILL, J., concur.