PARKER, Judge.
Kevin and Marie Goodberry, appellants, appeal a final summary judgment entered in favor of Phoenix Rent-A-Car, Inc. (Phoenix) and Cenek Kopecky, appellees. We reverse.
On a foggy afternoon at approximately 4:30 p.m., Kevin Goodberry was a front-seat passenger in a car driven by Roger Savard. The Savard vehicle was proceeding south on Gulf Boulevard in Pinellas County when it made a left-hand turn at an intersection and collided with a northbound vehicle which was owned by Phoenix and operated by Kopecky. Gulf Boulevard, which had two lanes in each direction and a left-hand turn lane, had no traffic control devices for northbound and southbound traffic at that intersection. Other cars, traveling slightly behind and to the side of Kopecky’s vehicle, were able to stop and avoid the collision.
Appellants filed an action for automobile . negligence against Savard, Phoenix, and Kopecky. Savard and appellants reached a settlement. Phoenix and Kopecky denied negligence on their parts.
Appellees filed a motion for summary judgment on the grounds that there was no genuine issue as to any material fact and that as a matter of law appellees were not negligent. In support of their motion, ap-pellees filed the transcripts of the deposi *1194 tions of Kevin Goodberry and Kopecky. Without reciting the specifics of the testimonies of Goodberry and Kopecky, the testimony of each conflicted with the other’s testimony concerning vehicle speeds, vehicle locations, whether vehicle headlights were off or on, utilization of vehicle turn indicators, the amount of time each driver could observe the other, and the manner in which Savard attempted his turn. The trial court granted the motion for summary judgment and entered a final judgment in favor of appellees.
Initially, we note that the movant in a motion for summary judgment has the burden of proving the nonexistence of any genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Further, this court has stated: “If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.” Snyder v. Cheezem Development Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979).
Based upon the testimonies of Goodberry and Kopecky, there were disputed material facts. Even in a circumstance where all of the known witnesses concluded that the defendant could do nothing to avoid an accident, which is not true in this case, the fourth district court, in reversing a summary judgment stated: “We are especially concerned that the trier of fact have the opportunity to evaluate the actions of all the drivers involved in attempting to determine how the accident took place and assessing responsibility.” Red Top Sedan v. Applebaum, 495 So.2d 786 (Fla. 4th DCA 1986).
We reverse the final judgment entered by the trial court and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
LEHAN, A.C.J., and HALL, J., concur.