540 So.2d 173 (1989)
Thomas ANDERSON and Glenda Anderson, His Wife, Appellants,
v.
ROSETREE VILLAGE ASSOCIATION, INC., Appellee.
No. 88-1788.
District Court of Appeal of Florida, Second District.
March 15, 1989.
*174 David Browder, Jr., Clearwater, for appellants.
Peter T. Hofstra of DeLoach & Hofstra, P.A., Seminole, for appellee.
LEHAN, Acting Chief Judge.
This is an appeal from a final summary judgment ordering that appellants remove an air conditioning unit from the roof of their townhouse as required by the homeowner's association of which they are members. That requirement was pursuant to restrictions which prohibit the erection of an exterior addition, or change or alteration to the exterior of a home, without the approval of an Architectural Committee appointed by the Board of Directors of the association. The placement of the air conditioning unit had been disapproved by that committee. We reverse.
As an affirmative defense appellants alleged that the enforcement of the restrictions with regard to their air conditioning unit was discriminatory, arbitrary and capricious. Their affidavit in opposition to the association's motion for summary judgment can be taken to support that defense. Cf. Kies v. Hollub, 450 So.2d 251 (Fla. 3d DCA 1984).
Because the association did not controvert the defense factually or establish its legal insufficiency, the summary judgment must be reversed. Howdeshell v. First National Bank of Clearwater, 369 So.2d 432, 433 (Fla. 2d DCA 1979). "[I]f the record raises even the slightest doubt that an issue [of material fact] might exist," summary judgment is improper. Dettloff v. Abraham Chevrolet, Inc., 534 So.2d 745, 747 (Fla. 2d DCA 1988) (quoting Snyder v. Cheezem Development Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979)).
Reversed and remanded for proceedings not inconsistent herewith.
FRANK and PARKER, JJ., concur.