# BLANCO v BANK OF VIRGINIA

## Case No. 88-1633

Thirteenth Judicial Circuit, Hillsborough County

April 14, 1989

### APPEARANCES OF COUNSEL

**Glenn E. Brown,** for appellant.

The Dye Law Firm, for appellee.

### OPINION OF THE COURT

THOMAS A. MILLER, SR., Circuit Judge.

### *ORDER REVERSING SUMMARY JUDGMENT*

THIS CAUSE came before this Court on appeal from the County Court of Hillsborough County, Florida. Present before this Court were counsel for the Appellant and counsel for the Appellee. The Court heard oral argument of counsel for the Appellant and counsel for the Appellee, considered the record and the Briefs of the parties, it is, after consideration, found as follows:

Historically, the Courts in Florida have applied Summary Judgment procedures with special caution. The burden is upon the moving party to conclusively demonstrate that there are no genuine issues of material fact. *Clark v Van DeWalle,* 332 So.2d 841 (Fla. 2d DCA 1974). The

movant's burden is substantial, and Summary Judgment is improper if the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist—*"Snyder v Cheezem Development Corp.,* 373 So.2d 719, 720 (Fla. 2d DCA 1979); *Dettloff v Abraham Chevrolet, Inc.,* 534 So.2d 745 (Fla. 2d DCA 2988)."

With this statement of the law in mind we must examine the record in this case to determine if the movant, to-wit, the Plaintiff, has shown or proven that there is no disputed issue of a material fact in this record. A general denial by way of an Answer herein requires the Plaintiff to prove the essential allegations of the Complaint. Therefore, in looking for proof the Court finds no Depositions, no Answers to Interrogatories or no Affidavits proving the Judgment nor is there an exemplified copy of the Judgment in the record. The Motion for Summary Judgment recites that there is an attached Affidavit, but there is no Affidavit attached to said Motion. The Appellee argues that the Motion refers to the Affidavit filed prior to the Default being set aside, but the Motion does not refer to that Affidavit and specifically refers to the attached Affidavit. Therefore, since the allegations of the Complaint have not been proven, the Court cannot grant Summary Judgment. Even if the Court were to consider the Motion for Summary Judgment as a Motion for Judgment on the pleadings and in doing so consider the Affidavit filed prior to the Default, since it is part of the pleadings, there is doubt as to proof and certainly a slight doubt as to a material issue as the copy of the Judgment attached to the Complaint is so illegible it cannot be read, it is therefore

ORDERED AND ADJUDGED that the Summary Final Judgment entered by the County Court of Hillsborough County, Florida, on the 1st day of August, 1988, in favor of Appellee, BANK OF VIRGINIA, is hereby reversed, and this cause is hereby remanded for proceedings not inconsistent herewith.

DONE AND ORDERED at Tampa, Hillsborough County, Florida, this 14th day of April, 1989.