SCHOONOVER, Acting Chief Judge.
The appellant, Paul R. Kickliter, challenges a final summary judgment entered in an action on a real estate brokerage listing agreement. We reverse.
James Reale and Edward Bergin filed a multicount complaint seeking damages for the breach of a real estate listing agreement. The appellant filed an answer which included twenty-two affirmative defenses. *303 After lengthy pretrial proceedings, the trial court entered a final summary judgment in favor of James Reale and against the appellant on counts III and IV of the second amended complaint. This timely appeal followed.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). Furthermore, the burden is on the party moving for a summary judgment to demonstrate conclusively that the nonmoving party cannot prevail. Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). See also Holl v. Talcott, 191 So.2d 40 (Fla.1966). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Snyder. See also Moore v. Morris, 475 So.2d 666 (Fla.1985). In this case, Mr. Reale did not carry his burden, and several issues of material fact remain to be decided by the trier of fact in connection with both count III and count IV of the second amended complaint.
We, accordingly, reverse the final summary judgment and remand for proceedings consistent herewith.
HALL and ALTENBERND, JJ., concur.