ALTENBERND, Judge.
Jeffrey Free and Addan, Inc., were commercial tenants of a building in Cape Coral owned by the landlord, Conrad Baas. They appeal a final summary judgment concerning their claims against Mr. Baas for breach of the lease and on other related theories. The trial court entered summary judgment apparently because it determined that the dispute between the parties had been resolved by virtue of bankruptcy proceedings initiated by the tenants. Because the record indicates that the bankruptcy proceedings were dismissed without any binding determinations of the claims between the landlord and the tenants and because there are genuine issues of material fact regarding the tenants’ claims, we reverse this summary judgment.
On May 30, 1986, Mr. Baas entered into a commercial lease with “Jeffrey A. Free (Addan Inc.).” Mr. Free and his corporation rented the space to operate a restaurant. The five-year lease specified that the filing of a bankruptcy proceeding would constitute a default.
*27 Although the evidence is conflicting, there is evidence that from the outset of the lease the building suffered from chronic roof leaks. The tenants claim this problem had a detrimental effect on their restaurant business. At some point, the tenants stopped paying rent to the landlord and sometime thereafter began remitting rental payments to the court registry.
In April 1987, Mr. Baas filed an eviction proceeding in county court. Mr. Free and his corporation filed a counterclaim for breach of the lease, intentional interference with business relationships, and misrepresentation. As a result, the case was transferred to circuit court, but the original judge continued to preside as ■ an acting circuit court judge.
In late October 1987, it became apparent that the trial court was preparing to issue a writ of possession. On October 21, 1987, Addan, Inc., and Mr. Free each filed a voluntary chapter 11 petition in bankruptcy court. Although it does not appear that the landlord immediately honored the automatic bankruptcy stay, the circuit court proceeding was stayed shortly thereafter.
In February 1988, the bankruptcy court entered an order in each bankruptcy case approving the rejection of this lease. There is nothing in the record to indicate that these parties ever litigated,- much less resolved the issues presented by the circuit court counterclaim in the bankruptcy court. At best, there is evidence that they litigated the issue of damages arising from Mr. Baas’ violation of the automatic stay, and that Mr. Baas prevailed on that claim.
On June 24, 1988, the bankruptcy court dismissed both of these bankruptcy proceedings. The order of dismissal does not indicate any disposition of claims between these parties with the exception that Mr. Baas’ request for payment of administrative expense was denied as moot. In general, the dismissal of a bankruptcy proceeding returns the parties, to the extent possible, to a pre-bankruptcy status. 11 U.S.C. § 349(b); 2 Collier on Bankruptcy ¶349.01 (L. King 15th ed. 1990); 9 Am. Jur.2d Bankruptcy § 391 (1980). It does not, however, reinstate a rejected lease. BSL Operating Corp. v. 125 East Taverns, Inc. (In re BSL Operating Corp.), 57 B.R. 945 (Bankr.S.D.N.Y.1986).
In this ease, it is possible that the filing of the bankruptcy proceeding constituted a breach of the lease and that the tenants were divested of their interest in the property by the rejection of the lease in bankruptcy. Nevertheless, their claims against Mr. Baas involved matters which preceded these actions. Indeed, the tenants undoubtedly maintain that the preceding actions of Mr. Baas caused or contributed to the bankruptcy. From this record we cannot hold under the standards of summary judgment that the claims of Mr. Free and Addan, Inc., were resolved in favor of Mr. Baas in the bankruptcy proceeding or that the bankruptcy otherwise prevents these claims. Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979).
Reversed.
SCHOONOVER, C.J., and LEHAN, J., concur.