PER CURIAM.
We reverse the summary judgment determining that plaintiff was afforded no coverage under the insurance policy issued by appellee for losses resulting from an accident involving plaintiff’s motor home.
There are fact questions as to whether the vehicle was used for “recreational purposes” and not for “everyday use,” as provided in the policy definition of the covered vehicle, and as to whether the vehicle was used as “a permanent and primary residence,” as provided in the policy’s exclusions from coverage. More specifically, while it appears that the vehicle was the only vehicle owned by the insured, that alone did not establish beyond any doubt *245 that it was used for “everyday use,” and there was evidence indicating that the insured’s primary residence was her aunt’s home.
“ ‘[I]f the record raises even the slightest doubt that an issue [of material fact] might exist,’ summary judgment is improper.” Anderson v. Rosetree Village Ass’n, Inc., 540 So.2d 173, 174 (Fla.2d DCA 1989) (quoting Snyder v. Cheezem Development Corp., 373 So.2d 719, 720 (Fla.2d DCA 1979). See also Andrews v. Dept. of Natural Resources, 557 So.2d 85, 89 (Fla.2d DCA 1990).
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, C.J., and LEHAN and FRANK, JJ., concur.