PER CURIAM.
We reverse the summary judgment entered in favor of defendant Equitable Life Assurance Society of the United States in this malicious prosecution suit by plaintiff Edward J. Sfeir. The summary judgment was entered on the basis that there had been no termination of the underlying civil suit brought by Equitable against Sfeir which had been favorable to Sfeir. Such a favorable termination was an essential element in Sfeir’s malicious prosecution suit against Equitable. See Central Florida Machinery Co., Inc. v. Williams, 424 So.2d 201, 202 (Fla. 2d DCA), rev. denied, 434 So.2d 886 (Fla.1983).
Summary judgment should not be granted when “the record raises even the slightest doubt that an issue [of fact] might exist.” Anderson v. Rosetree Village Ass’n, 540 So.2d 173, 174 (Fla. 2d DCA 1989) (quoting Snyder v. Cheezem Dev. Cory., 373 So.2d 719, 720 (Fla. 2d DCA 1979)).
There is in this case at least doubt that there is an issue of fact as to whether the voluntary dismissal by Equitable of its prior suit against Sfeir constituted a termination of that suit favorable to Sfeir. Of concern is whether the voluntary dismissal of that suit reflected on a lack of merit to the suit, in which case the foregoing malicious prosecution element would be fulfilled, or, on the other hand, did not reflect on a lack of merit or was neutral in that regard, in which case the foregoing element would not have been fulfilled. As pointed out in Union Oil of California, AM SCO Division v. Watson, 468 So.2d 349, 354 (Fla. 3d DCA 1985),
[i]n order to determine whether the termination of an action prior to a determination on the merits tends to indicate innocence on the part of the defendant one must look to whether the manner of termination reflects on the merits of the case_ In some cases a voluntary dismissal does reflect on the merits, as where the record contains evidence indicating a lack of probable cause_ Other voluntary dismissals, however, are either not on the merits or entirely unre-flective of the merits in that no implication of a lack of reasonable ground for the action follows from the dismissal.
Because the voluntary dismissal in Union Oil had been “neutral as to favorable termination,” the Third District Court of Ap *973 peal in that case reversed a malicious prosecution judgment on the basis that the foregoing element had not been fulfilled. Id. at 355.
We also reverse the trial court’s order striking plaintiff Sfeir’s claim for punitive damages. At this stage of the litigation it cannot be determined that there was no proper basis for that claim. See Lindeman v. C.J. Stoll, Inc., 490 So.2d 101, 103 (Fla. 2d DCA 1986) (“[a]n award of punitive damages requires proof of legal malice and, in a malicious prosecution action, such malice may be inferred from a' lack of probable cause.”).
We find no error in the dismissal of the count for intentional infliction of emotional distress. Even if malice on the part of Equitable could be proved in this case, malice is not to be equated with out-rageousness which is a requisite to the tort of intentional infliction of emotional distress. See Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 278-79 (Fla. 1985).
Reversed in part, affirmed in part, and remanded for proceedings consistent herewith.
LEHAN, A.C.J., THREADGILL, J., and McDONALD, RANDALL G., Associate Judge, concur.