SCHOONOVER, Acting Chief Judge.
The appellants, Paul W. Levine and Todd Levine, challenge a summary judgment entered against them and in favor of the appel-lee, Constitution Bank. We reverse.
Constitution Bank filed an action against the appellants seeking to set aside certain conveyances of real property made by appellant Paul W. Levine to appellant Todd Levine. The appellee alleged that the conveyances were fraudulently made. The trial court granted the appellee’s motion for summary judgment, and the appellants filed a timely notice of appeal from the final judgment entered against them.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). Furthermore, the burden is on the party moving for a summary judgment to demonstrate conclusively that the nonmoving party cannot prevail. Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Snyder. In this case, Constitution Bank did not meet its burden and several issues of material fact remain to be decided by the trier of fact.
We, accordingly, reverse the final summary judgment and remand for proceedings consistent herewith.
THREADGILL and BLUE, JJ., concur.