PARKER, Acting Chief Judge.
Jason Turk appeals the final judgment in favor of Beehmen Enterprises, Inc. (Bech-men), following entry of summary judgment. We reverse, concluding that the trial court erred because there remains a genuine issue of material fact.
From the limited record provided to this court it appears that Turk purchased from Beehmen a business for a total purchase price of $87,500. Turk’s partial payment left $22,500 remaining as a balance, and Turk executed and delivered to Beehmen a promissory note for $22,500. At the same time Turk executed a security agreement securing the payment of that amount. Approximately six months later Beehmen filed a complaint against Turk alleging that Turk defaulted on the promissory note and seeking to collect the amount due and to foreclose the security agreement.
Turk filed affirmative defenses to Beeh-men’s complaint and an amended counterclaim against Beehmen.' The counterclaim alleged that certain named individuals had fraudulently induced Turk to purchase the business by misrepresenting the value of the assets, debts, and profits associated with the business. The counterclaim also contained a count for rescission and a count for intentional interference with business relationship.
Beehmen filed a motion for summary judgment on its complaint. On September 2, 1992, the trial court entered an order granting partial summary judgment in favor of Beehmen. The order stated in part that Turk has defaulted under the note and security agreement by virtue of nonpayment as alleged in the complaint and that Beehmen is entitled to relief under the complaint subject to any set off to which Turk may be entitled by virtue of his counterclaim.
Thereafter, Beehmen filed a motion for summary judgment on Turk’s counterclaim asserting that the entire purchase price in this transaction was for a covenant not to compete, and because Beehmen had not breached the covenant, it was entitled to summary judgment. In response, Turk moved to strike Bechmen’s assertion arguing that the allegation was not set forth in any complaint, answer, affirmative defense, counterclaim, or other pleading of Beehmen. Turk attached an affidavit to his response assérting that the covenant not to compete was not the sole consideration and that good will and other factors were also part of the consideration.
Turk’s position in this appeal is that the trial court erred in granting summary judgment on his counterclaim in favor of Bech-men because there is an issue of material fact as to whether the entire consideration for the contract was for the covenant not to compete.
The record furnished to this court does not reflect the trial court’s rationale for granting the motion for summary judgment on Turk’s counterclaim. Bechmen’s motion for summary judgment on Turk’s counterclaim, which the trial court granted, contained an affidavit regarding the covenant not to compete as the entire consideration for the contract. Because the affidavit is the only difference from Bechmen’s motion for summary judgment on its complaint, from the limited record provided, it appears that the trial judge based its entry of summary judgment on the counterclaim on Bechmen’s representation regarding the covenant not to compete.
Beehmen asserts in its brief that Turk confirmed in his deposition testimony that the entire consideration for the agreement *286 between the parties, including the promissory note executed by Turk, was the covenant not to compete given by Bechmen. Bechmen farther argues that because the covenant not to compete was not breached by Bechmen, Turk was not entitled to a set off against the damages awarded to Bechmen and the trial court properly granted Bechmen’s motions for summary judgment.
The record on appeal does not include a transcript of the hearings on the motions for summary judgment, nor does it include transcripts of depositions taken in. this case. Based on the pleadings and affidavit attached to Turk’s response to Bechmen’s motion for summary judgment, it does appear that there is an issue of material fact as it relates to Bechmen’s assertion that the entire purchase price for the contract was for a covenant not to compete. Although Bechmen argues that Turk admitted in his deposition that the'entire purchase price was in fact for a covenant not to compete, the deposition transcript is not part of the record. Because the limited record provided to this court supports Turk’s argument that there is a material issue of fact, we are compelled to reverse the final judgment entered by the trial court. See Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979).
Reversed and remanded for further proceedings in the trial court.
BLUE and QUINCE, JJ„ concur.