POLEN, Judge.
Burton Levine (Burton) and Roy G. Levine (Roy), individually and on behalf of the Florida limited partnership, Country Lakes Associates, LTD., appeal from a final judgment in which the trial court denied their request to terminate the partnership and distribute its assets. The plaintiff/appellants also appeal the trial court’s granting of summary judgment against them as to their fraud and civil theft counts against the general partner, Lawrence Levine (Lawrence). We reverse.
In 1973, the Levine Family formed Country Lakes, Ltd., to own and develop a condominium project. Lawrence Levine was the sole general partner. His brother Burton, and cousin Roy, the plaintiffs and appellants, were limited partners, as were the rest of the family members. The partnership agreement, which was dated January 20,1973, and extended through December 31, 1977, contained the following paragraph:
... if the partners unanimously agree, then andin [sic] that event, the term of the partnership shall not cease as provided in paragraph (4) above, but shall be extended to such date as the partners, both general and limited, shall agree to.
In 1977, after the construction of the condominium project was underway, and pursuant to the above noted paragraph of the partnership agreement, after obtaining the consent of all the limited partners, Lawrence Levine filed an amendment to the partnership agreement extending it until 1987.
In the early to mid 1980’s Burton and Roy Levine’s relationship with Lawrence began to deteriorate and law suits were filed in New York concerning misappropriation of funds by Lawrence Levine from other Levine family partnerships. However, in spite of this falling out, on December 4, 1987, Lawrence filed an amendment with the secretary of state extending the terms of the partnership through December 31, 1997. Lawrence admitted that he did not obtain the consent of the limited partners to extend the terms of the partnership, but claimed that he nonetheless had the unilateral authority to do so. It was in March of 1989, when Burton and Roy demanded that the partnership be liquidated, that they claim they learned that Lawrence had extended the terms through 1997. As a result, on April 14, 1989, Burton and Roy Levine filed suit seeking partnership dissolution, an accounting, and the appointment of a receiver as well as the recovery of partnership funds allegedly taken by Lawrence, and alleging conversion of partnership assets. The trial court denied the request for dissolution and all other relief, and specifically made the finding that the limited partners were required to object to the extension of the partnership at the time of the extension in 1987, and a delay in making such an objection for two years legitimized Lawrence Levine’s actions. The trial court also found that all the partners must specifically object to the continuation of the partnership in or *1230 der to terminate it and that an objection by “two disgruntled partners” is insufficient.
We find that the trial’s court’s findings as to the extension of the terms of the partnership, are based on a complete misreading and misinterpretation of the partnership agreement. The paragraph from the agreement quoted at the outset of this opinion, that unanimous consent was required in order to extend the terms of the partnership agreement, clearly shows the trial court’s error. In addition, section 620.157, Florida Statutes (1993), provides in pertinent part:
Non-Judicial Dissolution — A limited partnership is dissolved, and its affairs must be wound up upon the first to occur of the following events:
(1) At the time specified in the certificate of limited partnership ...
Based on the express language of this statutory section and the language in the partnership agreement calling for the continuation of the partnership beyond the terms of the agreement only if all the partners unanimously agree, we reverse and hold that it was error for the trial court not to order the dissolution of the partnership. We further remand for the trial court to grant any other relief such as an accounting or the appointment of a receiver that went part and parcel with the partnership dissolution, and for such relief to be afforded in a partial final judgment.
Roy and Burton also allege error based on the trial court’s granting of summary judgment in favor of Lawrence on their fraud and civil theft counts which were filed in a fourth amended complaint. These counts arose out of Roy and Burton’s claims that Lawrence improperly utilized partnership funds to build his personal residence, an over 4,000 square foot home. We hold that the trial court erred by granting summary judgment on both counts as there were significant issues of material fact requiring the parties to proceed to trial on the two counts. See Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979) (a party in a civil suit is only entitled to summary judgment if the pleadings depositions, answers to interrogatories and admissions if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law); Moore v. Morris, 475 So.2d 666 (Fla.1985) (if evidence on summary judgment raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it).
For example, there are genuine issues of material fact as to whether the release, which Lawrence claims absolves him from liability on the fraud and civil theft count, was procured by fraud. We also believe there are genuine issues of material fact as to Lawrence’s statute of limitations defense, and as to whether the elements of both the fraud and civil theft claims have been satisfied. We point out that these examples are by no means exhaustive and other issues of material fact might exist. Thus, in addition to reversing for the trial court to enter a partial final judgment dissolving the partnership and affording any other relief that goes part and parcel with the dissolution, we reverse and remand for a trial on the fraud and civil theft counts should the appellants chose to proceed on those counts. We finally point out that as the appellants have prevailed, all issues on the cross appeal are moot.
STONE and STEVENSON, JJ., concur.