BLUE, Judge.
David W. Swor appeals from the entry of an adverse summary judgment finding him responsible for the unpaid balance of a promissory note which he signed in his capacity as a general partner of a limited partnership. Because the record contains a satisfaction of mortgage which purports to satisfy the promissory note, we determine that disputed issues of fact remain. Therefore, summary judgment was improperly granted and we reverse.
Swor is one of the parties to complex and ongoing litigation revolving around two limited partnerships: Pelican Creek, Ltd. (Pelican) and Pine Island Center, Ltd. (Pine Island). Swor, as one of Pelican’s general partners, signed a mortgage and promissory note which was delivered to Pine Island as part of a land transaction. John Santini, the second general partner of Pelican who executed the note and mortgage, was at the same time one of Pine Island’s general partners.
In 1983, two years after the signing of the note and mortgage, Swor resigned and withdrew as a partner in Pelican. In 1989, Pelican transferred the land subject to the note and mortgage to Santini individually. At the *1248 same time, Pine Island executed a satisfaction of the mortgage it held. Both actions were accomplished by Santini: the transfer of land in his capacity as the remaining Pelican general partner and the satisfaction of mortgage in his capacity as a Pine Island general partner.
The satisfaction purported to satisfy the note as well as the mortgage. After this litigation began, Santini signed an affidavit stating that although he signed the satisfaction of mortgage, it was done without the intent to satisfy “the obligation or promissory note.”
We conclude that the clear language of the recorded satisfaction, appearing to satisfy both the note and the mortgage, is not nullified by an affidavit asserting a contrary intent. Certainly the affidavit does not sufficiently demonstrate the absence of an issue of material fact regarding whether the note had been satisfied. “[I]f the record raises even the slightest doubt that an issue [of material fact] might exist, summary judgment is improper.” Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla.2d DCA 1979). Because the record presents a disputed issue of material fact, we reverse the summary judgment.
Swor also contends the trial court erred in denying his motion to dismiss because the plaintiffs lacked standing to sue individually. Based on the allegations and specific facts in this record, we conclude this was not error and affirm the trial court’s decision on this issue.
Accordingly, we affirm in part but reverse the summary judgment and remand to the trial court for further proceedings consistent with this opinion.
THREADGILL, A.C.J., and PATTERSON, J., concur.