CARROLL, DONALD K., Judge.
The plaintiff in an action against six defendants alleging a tortious interference with the plaintiff’s employment and an intentional interference with such employment has appealed from that portion of an order granting a final summary judgment in favor of the defendants Anheuser-Busch, Inc. (hereinafter referred to as Anheuser) and James R. Nesbitt (hereinafter referred to as Nesbitt), entered by the Circuit Court for Leon County.
The sole question presented for our determination in this appeal is whether that court entered the said judgment for those two defendants in accordance with our procedural rules governing the entry of summary judgments.
The key provision of those rules is found in Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., as follows: at the hearing on a party’s motion for a summary judgment, the judgment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
In many decisions the appellate courts of Florida have laid down the cardinal rules to be applied before a court may enter a summary judgment. Among those *558 rules are the following: “Such judgments should be sparingly granted * * *. To sum it all up, if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted.” Williams v. City of Lake City, 62 So.2d 732 (Fla.1953). In the later case of Manning v. Clark, 71 So.2d 508 (Fla.1954), the Florida Supreme Court thus explained the meaning of the words ‘slightest doubt’ in its Williams opinion: “* * * when a judge encounters doubt as to the existence or nonexistence of a genuine issue of fact the doubt should be resolved against the movant.” “Insofar as factual matters are concerned, doubts and inferences must be resolved against the mover. * * * ” Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla.App.1960).
“It is elemental that the movant at all times carries the burden of clearly and unequivocally establishing the right to summary judgment, and that it cannot be granted if there exists any controverted issue of material fact or if the proofs supporting the motion fail to overcome every theory upon which, under the pleadings, the adversary’s position might be sustained.” Posey v. Pensacola Tractor & Equipment Company, 138 So.2d 777 (Fla.App.1962).
The evidence before the court at the hearing on the defendants’ motion for a summary judgment was substantially as follows :
The Rankin Company is a wholesale beer distributor and has been distributing An-heuser beer products in the general Tallahassee, Florida, area since 1961. Before 1961 the local wholesale distributor of the said beer products was the Lewis Bear Company of Pensacola, Florida. The plaintiff served as the general manager of the local distributing operation for the Lewis Bear Company and then for Rankin Company from 1940 until on or about April 29, 1970, a total of 30 years.
On the last-mentioned date the plaintiff’s employment by the Rankin Company was terminated.
George L. Rankin was the president and chairman of the board of directors of the Rankin Company. He knew several officials of Anheuser, and when he retired from a food store chain, which had been a customer of Anheuser, Rankin asked An-heuser’s regional manager in Atlanta for a wholesale distributorship when one became available. At about that time An-heuser had threatened or was theatening to terminate the distributorship of the Lewis Bear Company and utilized a “survey” as its pressure device to accomplish a transfer of the distributorship in Tallahassee from the Lewis Bear Company to Rankin.
Rankin retained the plaintiff as the general manager of the Tallahassee operation. From 1961 until 1969 the business grew and sales increased, but in 1969, after the Rankin Company began stocking and distributing wine that was not an Anheuser product, the Anheuser division sales manager reported the absences of Rankin from the business, which complaint was made known by Anheuser to Rankin, who wrote to Anheuser in November of 1969 denying his absences from the business and praising the plaintiff’s performance as general manager.
Anheuser was apparently not satisfied with Rankin’s explanation because, according to Nesbitt, who was Anheuser’s division sales manager in Tampa, Florida, he, his superior in the Anheuser chain of command, and a subordinate official, met with Rankin and the plaintiff in Longboat Key, Florida, in December of 1969. The Tallahassee situation was discussed at that meeting, during which Rankin asked the plaintiff to excuse himself. During the plaintiff’s absence from the meeting, Rankin told the Anheuser officials that he was concerned about the plaintiff’s health and that he was interested in lightening the plaintiff’s workload. At the time, however, the plaintiff’s health was fine.
In March of 1970, Anheuser made a survey of the Tallahassee market, after which Rankin met in Atlanta, Georgia, with Nes-bitt and his said superior. Two days later *559 one Robert Martin, who was then and had been an Anheuser sales representative for many years, contacted Rankin about his becoming associated with the Rankin Company. Martin succeeded the plaintiff as the general manager of the Rankin Company shortly after the plaintiff’s discharge from that position.
At a breakfast meeting on April 29, 1970, attended by Rankin, the plaintiff, Nesbitt, Martin and an Anheuser district manager, Rankin introduced Martin as the new general manager of the Rankin Company, replacing the plaintiff, who was so stunned and shocked that he left the meeting.
There was, of course, other evidence before the court at the hearing on the defendants’ motion for a summary judgment, which evidence is susceptible of contrary inferences, but that fact is wholly immaterial because a summary judgment is precluded under the above-quoted Rule 1.510 if there is a genuine issue as to any material fact, in which case the factual issues must be submitted to the jury in an action at law like the present one.
Applying the cardinal rules, discussed earlier in this opinion as governing the entry of summary judgments, to the evidence recited above as before the court at the hearing on the defendants’ motion for a summary judgment, we must construe that evidence most strictly in favor of the plaintiff and against the defendants An-heuser and Nesbitt. So construing that evidence, we think that it was sufficient to permit a reasonable inference that the said defendants are liable under either count or both counts of the plaintiff’s complaint. The factual issues should be submitted to the jury at a jury trial for its determination, not be determined by the court as a matter of law.
For the foregoing reasons that portion of the order appealed from herein granting a summary judgment in .favor of the defendants Anheuser and Nesbitt must be, and it is, reversed and the cause is remanded with directions for further proceedings in accordance with the views hereinabove set forth.
Reversed and remanded with directions.
SPECTOR, C. J., concurs.
RAWLS, J., dissents.