272 So.2d 176 (1973)
Dorothy Mae WILLIAMS, Appellant,
v.
FLORIDA REALTY & MANAGEMENT CO., a Florida Corporation, Appellee.
No. 72-486.
District Court of Appeal of Florida, Third District.
January 29, 1973.
Horton, Schwartz & Perse, Ralph P. Ezzo, Miami, for appellant.
*177 Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The appellant alleged in her complaint that she was negligently shot by the manager of the apartment house in which she resided. She further alleged that the defendant, the operator of the apartment house, was negligent when it knowingly allowed the manager to use a firearm in the performance of his duties when it knew or should have known that the manager did not possess the requisite skill and temperament for the proper use of a firearm. After the answer and discovery papers were filed, the trial court granted the defendant's motion for a summary final judgment. The plaintiff has appealed. We reverse upon a holding that the pleadings, depositions and affidavit before the trial court did not conclusively demonstrate the absence of a genuine issue of material fact.
On appeal from summary final judgment, the appellant is entitled to have the record reviewed so that every reasonable inference is drawn in his favor. Conversely, the moving party has the burden of conclusively showing the absence of genuine issues of material fact. If the existence of such issues, or the possibility of their existence, is reflected in the record, or the record even raises the slightest doubt in this regard, the summary final judgment must be reversed. See Visingardi v. Tirone, Fla. 1966, 193 So.2d 601; Holl v. Talcott, Fla. 1966, 191 So.2d 40; Lampman v. City of North Miami, Fla.App. 1968, 209 So.2d 273.
Before entering summary judgment, the trial court considered the following discovery items: (1) the deposition of the appellant, (2) the deposition of the manager, and, (3) the affidavit of an officer of the appellee "[t]hat Florida Realty & Management Company, its officers or agents never supplied Mr. Willie McGriff with a firearm in order to enforce regulations, protect or defend the premises at 3201 Douglas Road, Miami, Dade County, Florida."[1]
The appellant and the manager gave widely divergent accounts of the incident. The appellee therefore does not urge in this court that there were no issues of fact. It does urge that the issues were not "genuine issues of material fact." In so arguing, the appellee states that it accepts, for the purpose of argument, the appellant's version of the incident and argues that this version clearly shows that the manager was not acting within the scope of his employment when the shooting occurred. In Atlantic Coast Line Railroad Company v. Burquest, Fla.App. 1958, 101 So.2d 828, the appellate court adopted the following statement from 35 Am.Jur. Master and Servant, § 553, page 987:[2]
"`* * * If the employee, being engaged about the business of the employer, adopts methods which he deems necessary, expedient or convenient, and the methods adopted prove hurtful to others, the employer may be held liable. The purpose of the employee's act, rather than the method of performance thereof, is said to be the important consideration. * * *'"
The question thus becomes whether or not the defendant's allegation that the manager was not engaged about the business of the employer is shown conclusively *178 to be true. The mere nonexistence of evidence to prove that the agent was about his master's business is an inadequate showing at this stage of the proceedings. When a defendant moves for summary judgment, the trial court does not determine whether the plaintiff can prove her case but only whether the pleadings, depositions and affidavits conclusively show that she cannot prove her case.
The appellant stated in her deposition as follows:
1. At the time of the incident she had been living in an apartment a few doors down from the manager with her three children and brother. She has three other brothers who live elsewhere.
2. On the evening in question, two of her brothers and an aunt were visiting with her. At about 8:30 p.m. appellant and her visitors were sitting out in front of her apartment talking and playing a phonograph. At that time the manager came down from upstairs and asked a lady standing nearby to dance with him. She told him to go on because she didn't want to be bothered. The manager then asked appellant to turn off the phonograph because it was too loud. The appellant turned it off. The appellant and her brothers had no argument with the manager at that time.
3. About an hour later one of appellant's brothers left to go home. To reach the exit he had to walk past the manager's apartment. Appellant was standing in her doorway. Shortly thereafter, the manager fired five shots, three of which struck appellant and severely injured her. Appellant didn't hear any argument between the manager and her brother.
4. The manager was in a habit of carrying his gun around the premises, playing with it and showing it off to the residents of the apartment complex.
We conclude that the defendant did not carry the burden of conclusively demonstrating the absence of a genuine issue of material fact.
Reversed and remanded for further proceedings.
NOTES
[1] The fact stated in this affidavit is irrelevant to the issues made by the complaint. There is no suggestion in the complaint nor would there be any support for a statement that it was illegal or wrong for the operator of an apartment house to entrust a firearm to its employee. This is especially true when the employee, as in the present instance, handled the rental collections and was required to investigate tenant complaints.
[2] The quoted portion is repeated at 53 Am.Jur.2d Master and Servant, § 427, pages 444-445.