306 So.2d 198 (1975)
ANHEUSER-BUSCH, INC., a Missouri Corporation, Appellant,
v.
Dan M. CAMPBELL, Appellee.
No. U-311.
District Court of Appeal of Florida, First District.
January 8, 1975.
Rehearing Denied February 6, 1975.
Julius F. Parker, Jr., and Jack M. Skelding, Jr., of Madigan, Parker, Gatlin, Truett & Swedmark, Tallahassee, for appellant.
Wilfred C. Varn, Davisson F. Dunlap and Thomas M. Ervin, Jr., of Ervin, Varn, Jacobs & Odom, Tallahassee, for appellee.
BOYER, Acting Chief Judge.
Appellant, one of the defendants in the trial court, now appeals a final judgment entered on a jury verdict in favor of the plaintiff, appellee here.
In June of 1970 the plaintiff, appellee here, filed a complaint in the Circuit Court seeking damages against appellant and other defendants. The complaint was in two counts, one based on an alleged conspiracy among defendants to interfere with appellee's employment by Rankin Distributing Co., Inc. The second count was based on an alleged intentional interference with the plaintiff's employment. A summary judgment was granted in favor of all defendants. The plaintiff then appealed that portion of the order which granted a summary judgment as to the defendants Anheuser-Busch, Inc. and its employee, James R. Nesbitt. This Court reversed and remanded for further proceedings. (Campbell v. Anheuser-Busch, Inc., Fla.App. 1st 1972, 265 So.2d 557) After reversal, and following additional discovery, the case was tried by jury. At the close of the plaintiff's case the defendants moved for a directed verdict. The court reserved its ruling and after close of all of the evidence the case was submitted to the jury which rendered a verdict in favor of the plaintiff against appellant for compensatory damages but denied punitive damages. The verdict was in favor of defendant Nesbitt. Anheuser-Busch then filed a motion renewing its motion for directed verdict or in the alternative *199 moving for judgment notwithstanding the verdict and for a new trial. Those motions were denied by the trial court. This appeal results.
At the outset it is pertinent to note that appellant does not question the amount of the verdict, the instructions given by the court nor any of the other trial proceedings, except those relative to the motion for directed verdict and related motions. The record reveals four assignments of error, alleging that the trial court erred in (1) denying appellant's motion for post-verdict directed verdict; (2) in denying appellant's motion for judgment notwithstanding the verdict; (3) in denying appellant's motion for new trial; and (4) in entering final judgment.
The basic factual background is set forth in this Court's prior opinion and no useful purpose will be accomplished by repeating the facts here. It is apparent from the record that although the evidence at trial was conflicting there was ample evidence, direct, circumstantial and documentary to prove the facts recited in our prior opinion above referred to.
By its first point, appellant urges that the trial judge erred in denying appellant's motion for directed verdict and that the trial judge improperly applied and construed the holding of this court as set forth in its prior opinion. We cannot agree. In our prior opinion, which dealt exclusively with the propriety of the entry of a summary judgment we held (and we think properly and accurately) that the evidence before the court at the time it entered the summary judgment there challenged was as in that opinion recited. After so stating the writer of that opinion said:
"* * * So construing that evidence, we think that it was sufficient to permit a reasonable inference that the said defendants are liable under either count or both counts of the plaintiff's complaint. The factual issues should be submitted to the jury at a jury trial for its determination, not be determined by the court as a matter of law." (265 So.2d at page 559)
The factual issues were in fact submitted to the jury, based upon proper instructions and the jury returned its verdict. In so doing we are not prepared to say that, as a matter of law, the jury erred. Nor do we find that the trial court erred in submitting the case to the jury for its determination. When the evidence is conflicting the true facts to be determined therefrom is a matter for a jury to determine, not a trial judge on motion for directed verdict. A jury verdict is entitled to all reasonable inferences to be drawn from the evidence and the verdict is favored with a presumption of correctness. (See Mansell v. Eidge, Fla.App. 3rd 1965, 179 So.2d 624; Zippy Mart, Inc. v. Mercer, Fla.App. 1st 1970, 244 So.2d 522 and Land v. Patroni, Fla.App. 1st 1968, 214 So.2d 94)
In Martin v. Tindell, Sup.Ct.Fla. 1957, 98 So.2d 473, the Supreme Court said:
"Therefore, viewing the evidence, including all inferences fairly deducible therefrom, in the light most favorable to plaintiff, as we are required to do, we conclude that the trial judge did not commit error in denying defendant's motion for directed verdict." (98 So.2d at page 476)
Appellant next urges that the evidence was circumstantial in nature and that as such it was insufficient to support the jury's verdict.
It is a well settled rule that circumstantial evidence is admissible in civil conspiracy cases. The rule is succinctly stated in 15A C.J.S. Conspiracy § 29, wherein it is stated:
"However, since direct evidence is ordinarily in the possession and control of the alleged conspirators and seldom can be obtained, a conspiracy usually is succeptible of no other proof than that of circumstantial evidence."
*200 The Fifth Circuit Court of Appeals, in a criminal conspiracy case, explained the policy behind admitting circumstantial evidence in that type of case, saying:
"Associations formed among those accomplished in criminal endeavor are seldom manifested by clear and direct evidence and proof of existence of such conspiracies must rest upon inferences drawn from relevant and competent evidence." (Rodriguez v. U.S., 5th Cir.1957, 373 F.2d 17)
In Norfolk Monument Company v. Woodlawn Memorial Gardens, Inc., Supreme Court of the United States 1970, 394 U.S. 700, 89 S.Ct. 1391, 22 L.Ed.2d 658, the United States Supreme Court held that business behaviour is admissible circumstantial evidence from which the fact finder may infer agreement.
The conspiracy count in the case sub judice is one in which the direct evidence concerning the conspiratorial scheme reposed exclusively within the minds of the accused. Circumstantial evidence supplied the only vehicle available to the plaintiff for proving his case. If the rule advocated by appellant were to be adopted by this Court, it would mean that any group of co-conspirators could prevail in a lawsuit involving that conspiracy merely by agreeing among themselves to testify that no conspiracy existed and to coordinate their testimony to accomplish that end.
In summary, we hold that circumstantial evidence is sufficient, if it meets the standards required in civil cases generally, to sustain a verdict for a plaintiff in an action for damages arising out of an alleged conspiracy; that the evidence sub judice met those standards; that the evidence when viewed in the light most favorable to the plaintiff was sufficient to justify submission of the case to the jury and that the trial judge did not err in so doing.
It is not our province to determine what we think the true facts are: That is the sole prerogative of the jury, and their determination, if the evidence is such as to sustain such a determination by reasonable people, may not be disturbed on appeal.
Affirmed.
JOHNSON, J., and SPECTOR, SAM, Associate Judge, Retired, concur.