327 So.2d 781 (1976)
Sol MEGDELL, Appellant,
v.
Bernard WIEDER and Hilda Wieder, Etc., Appellees.
No. 75-120.
District Court of Appeal of Florida, Third District.
January 13, 1976.
Rehearing Denied March 3, 1976.
Horton, Perse & Ginsberg, Miami, Hylan H. Kout, Miami Beach, for appellant.
Sibley, Giblin, Levenson & Ward, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PEARSON, Judge.
The plaintiff, who is a real estate broker, appeals from a final summary judgment in an action for a brokerage commission. He contends that there is a genuine issue of material fact as to whether he was a procuring cause in the sale of the Martinique Hotel on Miami Beach. We hold that *782 there is a genuine issue of material fact and reverse the summary judgment with directions to proceed with the cause.
In reviewing a summary judgment, an appellate court is required to view the evidence which appears from the depositions, answers to interrogatories and admissions in the light most favorable to the position of the party moved against. See Williams v. Florida Realty and Management Co., Fla.App. 1973, 272 So.2d 176. Viewed in this light, the facts before the trial judge were that the defendant-owner gave the plaintiff-broker an oral, exclusive agency to procure a purchaser for the Martinique Hotel. Plaintiff advertised the property and furnished information as to its availability and price. Thereafter, a second broker representing a prospective purchaser contacted the plaintiff and the two agreed to become cooperating brokers, agreeing to split the commission. The second broker introduced the purchaser to the seller and the deal was ultimately closed without the assistance of either broker. The second broker was paid a $15,000 commission on a $1,800,000 sale.
The appellee contends that there is no genuine issue of material fact because the evidence clearly shows that under the exclusive agency to procure a purchaser the seller was entitled to sell the property himself without paying a commission. See Nicholas v. Bursley, Fla.App. 1960, 119 So.2d 722; and Wilkins v. W.B. Tilton Real Estate and Insurance, Inc., Fla.App. 1971, 257 So.2d 573. It is further urged that the facts clearly show that the sale was consummated by the seller and that the only broker involved was the second broker who represented the purchaser. It is urged that under these facts, the plaintiff is not a procuring cause of the sale and, because he did not procure a purchaser, he could not be entitled to a commission.
The inferences to be drawn from evidence is for the finder of fact and not for the trial court on a motion for summary judgment. It has often been held that the burden of the movant on a motion for summary judgment is not simply to show that the facts support his own theory of the case, but rather to demonstrate that, under the facts appearing without controversy, the party moved against cannot prevail. See Campbell v. Anheuser-Busch, Inc., Fla.App. 1972, 265 So.2d 557. There is nothing in the record in this case to show conclusively that the second broker was not a cooperating broker and that he did not undertake the work of procuring a purchaser as a cooperating broker acting under and with the plaintiff broker who held the listing on the property. His deposition in the record reveals that he did so act. Until it conclusively appears that the deposition is false, a summary judgment may not be entered upon the theory that the plaintiff did not, through his own efforts and those of his associate, procure a purchaser for defendant's property as he had contracted to do. Accordingly, the summary judgment is reversed and the cause is remanded for further proceedings.
Reversed and remanded.