342 So.2d 1066 (1977)
William MEJIAH et al., Appellants,
v.
Olivio RODRIGUEZ and Integon Indemnity Corporation, Appellees.
Nos. 76-379, 76-380, 76-501 and 76-502.
District Court of Appeal of Florida, Third District.
March 1, 1977.
*1067 High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for appellants.
Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
PER CURIAM.
These appeals are from a summary final judgment and an order denying motion to vacate summary judgment. They have been consolidated for all appellate purposes. Plaintiffs brought suit against the defendants alleging injuries resulting from an automobile accident. Permanent injury sufficient to meet the threshold requirements under Florida's no fault act was alleged by the plaintiffs and denied by the defendants. The deposition of the treating physician was taken. The physician testified that the plaintiffs had not reached maximum medical improvement and, at the time of the deposition, he had not determined the existence of permanent injury. Defendants moved for summary judgment based upon the pleadings and the deposition of the treating physician. Summary final judgment for the defendants was entered. Thereafter, a motion for order vacating summary judgment was filed upon the ground that the treating physician was prepared to testify that the injury was permanent.
The plaintiff may prevail at trial on the basis of a mere preponderance of evidence. However, the party moving for summary judgment must show conclusively that no material issue remains for trial. Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966). The burden of a party moving for summary judgment is greater, not less, than that of the plaintiff at trial. The burden of the movant in a motion for summary judgment is not simply to show that the facts support his own theory of the case but rather to demonstrate that the facts show that the party moved against cannot prevail. Megdell v. Wieder, 327 So.2d 781 (Fla.3d DCA 1976). The moving party, upon a motion for summary judgment, has the burden of conclusively showing the absence of genuine issues of material fact. If the existence of such issues or the possibility *1068 of their existence is reflected in the record, or the record even raises the slightest doubt in this respect, the summary judgment must be reversed. Furlong v. First National Bank of Hialeah, 329 So.2d 406 (Fla.3d DCA 1976); Williams v. Florida Realty & Management Co., 272 So.2d 176 (Fla.3d DCA 1973).
The pleadings and the deposition in the instant case did not meet the standard necessary to establish defendants' right to summary judgment. Therefore, the summary judgment is reversed. Inasmuch as we find that the summary judgment was improperly entered, we need not discuss the issues raised upon plaintiffs' motion for order vacating summary judgment.
Reversed and remanded.