PEARSON, Judge.
The appellants are real estate brokers who seek to recover a claimed brokerage commission. The brokers sued the seller and the purchasers claiming that they (the appellants) were the procuring cause of a sale from which they were precluded by way of a conspiracy to defraud them of their commission. See Moylan v. Estes, 102 So.2d 855 (Fla.3d DCA 1958). The trial court entered a summary judgment for defendant-purchaser Jerome D. Franklin, trustee, and for defendant Anne Drecksler, who was a prospective purchaser and subsequent participant in the trust which purchased the real property involved. The summary judgment left pending the case against the defendant-seller.
The only reason apparent on this record for the entry of a summary judgment for the purchasers, as a summary judgment was not entered in the entire case, is that there was no genuine issue of material fact concerning the alleged conspiracy to defraud. An examination of the depositions before the trial judge makes it clear that the defendants-appellees did not carry the burden on summary judgment of showing, as the moving party, that in giving the plaintiff the benefit of all inferences, there was no issue as to conspiracy. We do not mean to state that a prima facie case of conspiracy was established, but simply that it was not demonstrated that there was no issue on that allegation. We, therefore, hold, under the authority of Stringfellow v. State Farm Fire & Casualty Co., 295 So.2d 686 (Fla.2d DCA 1974); and Megdell v. Wieder, 327 So.2d 781 (Fla.3d DCA 1976), that the summary judgment was improperly entered for the defendant-purchasers, and we return the cause to the trial court for further proceedings.
Reversed and remanded.