GLICKSTEIN, Judge,
dissenting.
Appellant relies primarily upon Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3d DCA 1977), to support his contention that, while he could not get by a directed verdict on what he has produced so far, he surely can avoid summary judgment, because he may be onto something that would not only get him by a directed verdict but might well establish enough at trial so that he could prevail on his affirmative defense.
Mejiah factually supports his entitlement. The plaintiff in that case, according to the doctor’s deposition, had not reached maximum medical improvement. It was thus premature to award summary judgment against the plaintiff on the ground that he had not established the existence of a permanent injury. The court said:
The moving party, upon a motion for summary judgment, has the burden of conclusively showing the absence of genuine issues of material fact. If the existence of such issues or the possibility of their existence is reflected in the record, or the record even raises the slightest doubt in this respect, the summary judgment must be reversed. Furlong v. First National Bank of Hialeah, 329 So.2d 406 (Fla. 3d DCA 1976); Williams v. Florida Realty & Management Co., 272 So.2d 176 (Fla. 3d DCA 1973).
Id. at 1067-68. When you trace the roots of the court’s language and citations, you reach back to Visingardi v. Tirone, 193 So.2d 601 (Fla.1967), where the court discusses the difference between a record at the time of summary judgment that affirmatively shows the plaintiff could not possi *695 bly prove her case, and one that shows only that the plaintiff has failed to come forward with the evidence to prove her case. Three justices concurred in the result only and not in what Justice O’Connell said to reach it; however, he was joined in his statements by three of his colleagues.
Here, the defendant/guarantor had to prove his first affirmative defense, which read:
22. At some time in the past, on a date or dates presently unknown to this defendant, E.K. MORICE or persons acting on his behalf, caused certain loan arrangements between Barnett Bank or Southeast Bank and AUTOPRODUCTS, INC., THOMAS COFOID and CHARLES COFOID to be thwarted, knowing or having reason to know that by so doing he would deprive AUTOPRODUCTS, INC. of necessary working capital and, thereby, caused AUTOPRODUCTS, INC., the primary obligor on the note, to be financially unable to pay the note.
23. By reason of the acts of plaintiff or his agent, plaintiff caused the risk that CHARLES T. COFOID would be called upon to pay on the guaranty alleged, to be substantially and materially increased, thus releasing this defendant from any obligation to plaintiff on that guaranty agreement.
Defendant’s father testified by deposition that at a breakfast meeting he had with the plaintiff, the latter admitted— without identifying the bank — that he had told a bank he did not feel the maker corporation should receive a loan. The father also testified that a loan from Southeast Bank appeared very promising, with officers’ verbal opinions reflecting assurances, but the loan was suddenly rejected without reason. Perhaps, after all discovery is taken, there will be no “smoking gun,” and summary judgment will be justified; however, not now.
I would reverse.