PER CURIAM.
In 1982 Phyllis Fleischman, through the appellee Keyes, an insurance agency, purchased an automobile policy from United States Fidelity & Guaranty Company (USF & G) with $300,000 in liability coverage. It is undisputed that in 1985 Keyes unilaterally and erroneously reduced Fleischman’s coverage to $50,000 when it renewed the policy. Premium renewal notices reflecting $50,000 policy limits were sent to Debra Fleischman, the insured’s daughter, who forwarded them on to a northern bank to be paid by the mother’s trust. In 1985 and 1986 Keyes wrote to USF & G admitting the mistake in reducing coverage and requesting a restoration to the original $300,-000 limits. The restoration was not made.
In 1987 Phyllis Fleischman was involved in an automobile accident with Beatrice Green, who filed a negligence action against Fleischman. Fleischman brought a third-party action against USF & G and Keyes seeking to establish $300,000 in liability coverage. USF & G filed a cross-claim against Keyes asserting a claim for indemnification. Keyes filed a motion for summary judgment as to the third-party claim on the basis that Debra Fleischman, who had been designated as her mother’s agent in connection with the insurance policy, had received written communication from USF & G reflecting the lower policy limits, and had even cashed a USF & G reimbursement check. As a result, Keyes argued, Fleischman was estopped from demanding the greater coverage. After the agent’s motion on the third-party action was granted, Keyes moved for summary judgment on USF & G’s cross-claim for indemnity. The court entered summary judgment in favor of Keyes on USF & G’s cross-claim.
Keyes argued a theory of estoppel in support of its motion for summary judgment on Fleischman’s third-party claim. On USF & G’s cross-claim, the agency contended that the insurer had ratified its actions by refusing to issue a new $300,000 limit when the error was brought to its attention.
 As to Keyes’ motion for summary judgment, directed to Fleischman’s third-party complaint, conflict on the facts appears by competent and substantial evidence. Fleischman testified that she never instructed Keyes to reduce her coverage and that Keyes never informed her that she no longer had the requested coverage. As to Keyes’ motion for summary judgment, directed to USF & G’s cross-claim for indemnity, the evidence is conflicting regarding whether USF & G had actual knowledge that Keyes had improperly, and *1269 without authorization, requested a reduction of Fleischman’s insurance liability coverage. In the face of the material factual issues presented by the pleadings, depositions and affidavits, Keyes has not demonstrated, conclusively, that Fleisehman is unable to improve her case. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Williams v. Florida Realty & Management Co., 272 So.2d 176 (Fla.3d DCA 1973).
Reversed and remanded.