PER CURIAM.
The appellants, Michael Pinchot and Kathleen Pinchot, husband and wife, challenge two final summary judgments entered against them in their action against several defendants. One judgment was entered in favor of First Florida Banks, Inc., a Florida Corporation, and its employee Olga Barrett. The other was entered in favor of Sid Klein, as Chief of Police of the City of Clearwater, Lt. Robert Bekker, as a police officer for the City of Clearwater, and the City of Clear-water, Florida. We reverse.
Appellants filed this action for damages alleging, among other things, that appellant Michael Pinchot was falsely arrested by a Clearwater police officer shortly after cashing a cheek at First Florida Bank. The appellants’ fourth amended complaint alleged various causes of action against the bank and additional ones, including section 1983 claims, against the City of Clearwater, Lt. Robert Bekker, and the chief of police.
After the action was at issue, the city, the chief of police, and Lt. Bekker moved for a summary judgment and shortly thereafter the bank and Olga Barrett also sought a summary judgment. Both motions were granted and the appellants filed separate notices of appeal from the two final summary judgments entered by the trial court. This court consolidated the two appeals.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. *202 1.510(c). The burden is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). See also Holl v. Talcott, 191 So.2d 40 (Fla.1966). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Snyder. The appellees did not carry this heavy burden and the summary judgments, therefore, should not have been granted.
In order to affirm a summary judgment in favor of the bank and its employee, we would have' to hold that no genuine issue of material fact exists as to whether the bank’s employee acted reasonably and in good faith in relaying information she received from another source. We cannot malee this holding because at this stage of the proceedings the record does not even establish what information she had in her possession when she spoke to other employees of the subject bank. See Pokorny v. First Fed. Sav. & Loan Ass’n, 382 So.2d 678 (Fla.1980). See also Snyder.
In order to affirm the summary judgment in favor of the city, the chief of police, and Lt. Bekker, we would have to hold that no genuine issue of material fact exists concerning the propriety of Lt. Bekker’s actions when he stopped the appellant, Michael Pin-chot. Based upon the record presented to us we cannot do so. Snyder.
Because the record reflects the existence of the above genuine issues of material fact, as well as others, we reverse and remand for further proceedings consistent herewith. We find no merit in appellants’ contention that the trial court erred, under the circumstances that existed at the time, in denying their motion to amend the complaint to add another party.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and BLUE, JJ., concur.