NORTHCUTT, Judge.
Citizens Property Insurance Corporation insured a home owned by Nicholas, Emmanuel, and Amalia Makryllos. The Makrylloses filed an insurance claim for damages to the property, and when it was not resolved to their satisfaction, they filed suit against Citizens. The court eventually entered summary judgment in Citizens’ favor based on the insureds’ failure to provide a timely proof of loss. We reverse.
The events underlying this lawsuit began in early 2006 when rain allegedly caused damage to the roof and the interior of the Makrylloses’ house. Citizens denied their claim for damage to the roof but paid for damages to the interior based on the ensuing loss clause of the policy. In early *1033 2007, the Makrylloses filed a supplemental claim asserting additional roof damage and further ensuing damages to their home’s interior. On August 6, 2007, Citizens’ counsel wrote Nicholas Makryllos, the named insured, and advised him that Citizens was exercising its right under the policy to take his examination under oath. The examination was scheduled for September 5, 2007. The letter included this paragraph:
Pursuant to the terms of the policy of insurance, the Citizens Property Insurance Corporation requires that you submit a Sworn Proof of Loss. Although the policy provides that the Proof of Loss must be submitted within sixty (60) days from the date of the loss, this claim cannot be adjusted until after the Proof of Loss has been submitted, and therefore, you are expected to submit the Proof of Loss prior to or at the examination under oath.
We note that this paragraph was not entirely accurate. The policy required submission of a sworn proof of loss “within 60 days after our request,” not within sixty days from the date of loss, as stated in the letter. Makryllos’s examination under oath did not go forward on September 5th. It was rescheduled several times, by letters dated September 10, 2007; October 26, 2007; and January 4, 2008. Like the letter quoted above, all these subsequent letters stated that Makryllos was “expected to submit the Proof of Loss prior to or at the examination under oath.”
The January 4, 2008, letter scheduled the examination under oath for February 8, 2008, and it finally took place on that date. During the examination, Makryllos’s attorney stated “[w]e’ve also completed— [a]nd you can put this on the record — the Proof of Loss. He just needs to sign it in front of a notary.” The record contains a handwritten proof of loss notarized on the date of the examination.
The Makrylloses filed suit against Citizens shortly after Nicholas received the first letter scheduling his examination under oath. Eventually Citizens moved for summary judgment on a number of grounds. Although the order granting Citizens’ motion did not specify the court’s reasoning, its citation to Starling v. Allstate Floridian Insurance Co., 956 So.2d 511 (Fla. 5th DCA 2007), establishes that the sole basis for the summary judgment was that Makryllos could not recover because he failed to timely file a sworn proof of loss, a required condition of the policy. Citizens concedes this is the only issue on appeal: “[T]he dispute before this Court is very limited and boils down to one single issue; whether the Makrylloses are barred from recovery under the policy of insurance because of Nicholas Makryllos’s failure to timely submit a sworn statement in proof of loss.”
We review a summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla. 2000). A court may enter summary judgment only when the record shows that no genuine issues of material fact remain and that the movant is entitled to judgment as a matter of law. Sherry v. Regency Ins. Co., 884 So.2d 175, 177 (Fla. 2d DCA 2004) (citing Holl v. Talcott, 191 So.2d 40 (Fla. 1966)). In this case, we must reverse because the record presented two genuine issues of material fact at the time the judgment was entered: (1) whether Citizens waived its right to rely on the policy condition requiring submission of a proof of loss within sixty days of Citizens’ request because it instructed Nicholas Mak-ryllos, over a course of months, “to submit the Proof of Loss prior to or at the examination under oath”; and (2) whether Mak-ryllos’s cooperation to some degree was *1034 sufficient to avoid the insurance policy’s condition that “[n]o action can be brought against us unless there has been compliance with the policy provisions.”
WAIVER
A waiver can be found when an insurer’s conduct induces reliance. Reliance Mut. Life Ins. Co. of Ill. v. Booher, 166 So.2d 222, 226 (Fla. 2d DCA 1964); cf. Reddick v. Globe Life & Accident Ins. Co., 596 So.2d 435, 437 (Fla.1992) (stating that an insurer’s course of conduct that leads an insured to believe an extension has been granted for the payment of a premium is a waiver of contrary provisions in the policy and the insurer is estopped from relying on the policy provisions). The terms of the policy required Makryllos to submit a proof of loss to Citizens by October 5, 2007, sixty days after the insurer’s initial request on August 6, 2007. But before that date, Citizens sent him a letter, on September 10, 2007, rescheduling his examination to October 12, 2007, and advising Makryllos to bring his proof of loss with him. Citizens continued to instruct Makryllos to bring the proof of loss to the examination each time the examination was rescheduled. Mr. Makryllos’s affidavit in opposition to the summary judgment stated that he received the letter advising him to bring the proof of loss to his scheduled examination on February 8, 2008, and that he signed the proof loss on that date and forwarded it to Citizens.
Makryllos’s affidavit put at issue his reliance on the letters from Citizens’ counsel and the possibility that Citizens waived the policy’s clause requiring him to provide the proof of loss within 60 days of the insurer’s request. The factual issues surrounding a waiver should generally be resolved by a jury. Brown v. Powell, 531 So.2d 731, 735 (Fla. 4th DCA 1988); see also Sec. Life & Trust Co. v. Jones, 202 So.2d 906 (Fla. 2d DCA 1967) (noting that insurer’s action in accepting premiums was sufficient to present a jury question on the issue of whether the insurance company had waived its right to deny coverage based on the insured’s misrepresentations about his health conditions); Shaw v. Mass. Mut. Life Ins. Co., 298 So.2d 183 (Fla. 1st DCA 1974) (stating that cases involving a waiver of forfeiture provisions in an insurance policy are to be decided on the particular facts and such issue should generally be determined by a jury).
PARTIAL COMPLIANCE
The record also establishes that Nicholas Makryllos gave Citizens a sworn proof of loss before the summary judgment was entered. As such, he cooperated to some degree with Citizens’ investigation. Such partial cooperation can raise a fact question concerning whether the insurer should be able to declare a breach of the insurance contract that precludes recovery. See Haiman v. Fed. Ins. Co., 798 So.2d 811 (Fla. 4th DCA 2001).
CONCLUSION
The existence of genuine issues of material fact precludes a summary judgment on the basis that the Makrylloses are barred from recovery under the policy of insurance based on an untimely submission of the proof of loss. We reverse and remand for further proceedings.
Reversed and remanded.
SILBERMAN, C.J., and WALLACE, J., Concur.