LaROSE, Judge.
This is a whistleblower case. Patrick Competelli, the former fire chief of the City of Belleair Bluffs, sued the City for violation of Florida’s public employee whis-tleblower act, sections 112.3187-.31895, Florida Statutes (2009). The trial court entered a final summary judgment for the City. Mr. Competelli seeks reversal. We have jurisdiction. See Fla. R.App. P. 9.030(b)(1)(A). Because genuine issues of material fact remain for resolution, we reverse.
Our review is de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Makryllos v. Citizens Prop. Ins. Corp., 103 So.3d 1032, 1034 (Fla. 2d DCA 2012). A trial court may enter a summary judgment only when the record shows that no genuine issues of material fact remain and that the movant is entitled to judgment as a matter of law. Makryllos, 103 So.3d at 1033 (citations omitted). “If the record reflects the existence of any genuine issue of material *93 fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.” Snyder v. Cheezem Dev. Corp., 373 So.2d 719, 720 (Fla. 2d DCA 1979) (citing Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3d DCA 1977)). The burden on these points rested with the City as the movant. See Fla. R. Civ. P. 1.510; Pinchot v. First Fla. Banks, Inc., 666 So.2d 201, 201-02 (Fla. 2d DCA 1995) (citing Snyder).
The City urges us to adopt the burden-shifting analysis employed by federal courts typically in employment discrimination cases. See generally McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (applying burden-shifting analysis in employment discrimination case involving disparate treatment). We decline the invitation. The Florida standard for summary judgment is well entrenched:
The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and that the court must draw every possible inference in favor of the party against whom a summary judgment is sought. A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.
If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.
Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (internal citations omitted); see also Bruno v. Destiny Transp., Inc., 921 So.2d 836, 839-40 (Fla. 2d DCA 2006) (citing Moore).
Mr. Competelli claims that the City retaliated against him because, despite his original support for consolidating City fire services with those of another government entity, he had a change of heart and disclosed his safety and other concerns about such consolidation to City officials. If true, such retaliation may run afoul of section 112.3187:
(4) ACTIONS PROHIBITED.—
(a) An agency or independent contractor shall not dismiss, discipline, or take any other adverse personnel action against an employee for disclosing information pursuant to the provisions of this section.
(b) An agency or independent contractor shall not take any adverse action that affects the right or interests of a person in retaliation for the person’s disclosure of information under this section.
[[Image here]]
(5) NATURE OF INFORMATION DISCLOSED. — ...
(a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public’s health, safety, or welfare.
(b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, suspected or actual Medicaid fraud or abuse, or gross neglect of duty committed by an employee or agent of an agency or independent contractor.
The public whistleblower statute is remedial, and courts should construe it broadly. See Irven v. Dep’t of Health & Rehabilitative Servs., 790 So.2d 403, 405-06 (Fla.2001); Dahl v. Eckerd Family Youth Alts., Inc., 843 So.2d 956, 958-59 (Fla. 2d DCA 2003) (citing Martin Cnty. v. Edenfield, *94 609 So.2d 27, 29 (Fla.1992); Hutchison v. Prudential Ins. Co. of Am., Inc., 645 So.2d 1047, 1049 (Fla. 3d DCA 1994)).
To set forth a prima facie claim of retaliatory discharge, Mr. Competelli had to show that he made a disclosure protected by the statute and that he was discharged. See § 112.3187(2), (4), (5).[1] The legislature instructs us that the statute is to prevent agencies and independent contractors from taking retaliatory action against an employee who reports danger to the public’s health, safety, or welfare or who alleges improper use of governmental office, gross waste of funds, or other abuse or gross neglect of duty. See § 112.3187(2). Mr. Competelli urges us to see the causal connection between his termination and his criticism of the City’s proposed course of action; the City claims that it fired him for not following directions. See § 112.3187(10) (“It shall be an affirmative defense to any action brought pursuant to this section that the adverse action was predicated upon grounds other than, and would have been taken absent, the employee’s or person’s exercise of rights protected by this section.”).
The trial court concluded that Mr. Com-petelli’s discharge was “predicated on grounds other than, and would have been taken absent[,] the fact that Mr. Competel-li raised alleged concerns ... which allegedly constituted a violation or suspected violation of law, gross mismanagement, or malfeasance.” Thus, the trial court concluded that the City did not violate the whistleblower act. On our record, however, that result is not preordained.
In May 2009, the City’s Mayor instructed Mr. Competelli to review fire service options, including continued operation by the City, joining another fire rescue district, or contracting with Largo Fire Rescue. In response to the Mayor’s directive, Mr. Competelli compiled a report concluding that merger with the Largo Fire Department would best serve the City’s citizens.
The contemplated merger would require citizen approval through referendum. Various City commissioners sought further information about the financial impact of the merger and alternatives if a referendum failed. Despite his earlier position, in early August 2009, Mr. Competelli emailed the Mayor expressing safety and other concerns with a speedy merger. He recommended delaying a merger for a year in order to address these concerns. Obviously disappointed with the change of heart, the Mayor immediately suspended Mr. Competelli and scheduled a City Commission meeting for the next day. The Mayor took the position that Mr. Competelli would not follow his direction to move forward with consolidation. At the meeting, two commissioners agreed with the Mayor, resulting in Mr. Competelli’s termination. It is not lost upon us that the Mayor’s ire followed quickly on the heels of Mr. Competelli’s plea for moving forward with caution. Whatever other factual issues may remain unresolved, we cannot ignore the fact that the parties offer *95 differing versions as to the motivation for the termination.
Mr. Competelli made a prima facie showing of a violation of the whistleblower act. Notwithstanding the City’s affirmative defense that it fired Mr. Competelli for failing to follow direction, we cannot say that the facts were so crystallized as to foreclose Mr. Competelli from moving forward to trial. Genuine issues of material fact remain as to the cause of the termination. Accordingly, we must reverse the final summary judgment.[2]
Reversed and remanded for further proceedings.
ALTENBERND and MORRIS, JJ., Concur.

. In actions seeking temporary employment reinstatement pursuant to section 112.3187(9)©, which does not apply to a municipal employee, an aggrieved party must show that he or she made a disclosure protected by the statute, was discharged, and did not make the disclosure in bad faith or for a wrongful purpose after an adverse personnel action. See State, Dep't of Transp. v. Fla. Comm’n on Human Relations, 842 So.2d 253, 255 (Fla. 1st DCA 2003). The prima facie elements cited in Department of Transportation do not apply in contexts other than employment reinstatement situations. But see Walker v. Fla. Dep't of Veterans' Affairs, 925 So.2d 1149 (Fla. 4th DCA 2006); White v. Sch. Bd. of Hillsborough Cnty., 636 F.Supp.2d 1272, 1282 (M.D.Fla.2007).

. Mr. Competelli also argues that the trial court erred in granting the City’s motion for protective order that prevented him from taking the depositions of the Mayor and City commissioners. We do not reach this issue. On remand, however, Mr. Competelli may address and further develop the matter in the trial court.