NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NADINE PETERSON and WILLIAM     )
PETERSON,                        )
                                 )
        Appellants,              )
                                 )
v.                               )     Case No. 2D14-541
                                 )
RONALD E. LUNDIN,                )
                                 )
        Appellee.                )
_____ )

Opinion filed July 18, 2014.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Collier County;
Hugh D. Hayes, Judge.

Paul Morris of Law Offices of Paul Morris,
P.A., Miami; and Pedro A. Cofiño of Cofiño
& Associates, Miami Beach, for Appellants.

Raymond L. Bass, Jr., of Bass Law Office,
Naples, for Appellee.


KHOUZAM, Judge.

       Ronald E. Lundin filed a complaint against Nadine and William Peterson,

claiming in part that he was entitled to possession of a dog (Krystal the Bedlington

Terrier) as well as her offspring and that the Petersons were in wrongful possession of

them.  The circuit court entered partial summary judgment in favor of Lundin on his

replevin claim and ordered the Petersons to give Lundin possession of Krystal.[1]  The Petersons filed this appeal, arguing that summary judgment was improper and that the court had no authority to order them to turn Krystal over to Lundin.  We reverse and remand.

I.      SUMMARY JUDGMENT

First, the Petersons argue that the court erred in granting partial summary judgment on Lundin's replevin count because genuine issues of material fact remained.  We agree.  To be entitled to judgment as a matter of law, Lundin, as the movant, had the burden to show that no genuine issue of material fact remained.  See Competelli v. City of Belleair Bluffs, 113 So. 3d 92, 92-93 (Fla. 2d DCA 2013).  Where " 'the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.' "  Id. (quoting Snyder v. Cheezem Dev. Corp., 373 So. 2d 719, 720 (Fla. 2d DCA 1979)).  We review the circuit court's order de novo.  Id. at 92.

Here, the record reflects that Lundin moved for summary judgment on count one of his complaint, in which he sought to replevy Krystal.  He made clear that he continued to dispute that there was any agreement for the Petersons to have possession of Krystal except by revocable license.  However, he argued that, even by the terms of the agreement as stated by Nadine Peterson, the Petersons were required to surrender permanent possession of the dog to him.  He included the following written but unsigned agreement:

---

[1]Because the order on appeal only addresses Krystal and not her offspring, we do the same here.

April 27, 2008. This is a co-ownership contract between Nadine Peterson [hereafter referred to as "seller"] and Ron Lundin [hereafter referred to as "buyer"]. Buyer agrees to purchase blue Bedlington Terrier puppy bitch for $1,200.00 plus pick puppy from a litter to be produced after her championship is acquired or 3-4 years from birthday. AKC Registration Number is RN 02866304, welped [sic] January 7, 2008. Stud to be in agreement with seller and buyer.

Lundin asserted that Nadine Peterson had conceded in her deposition testimony that each of the conditions precedent in this agreement had been met and that when the conditions had been met Krystal would be returned to Lundin. Therefore, he claimed, there was no issue of material fact as to whether Krystal should be returned to him.

The Petersons' response to Lundin's motion for summary judgment included an affidavit by Nadine Peterson in which she disputed his assertions. She stated that she had never entered into a revocable license with Lundin. Instead, they had agreed to be co-owners of the dog. A registration for the American Kennel Club was attached, on which both Lundin and Nadine Peterson are listed as "Owner." Nadine Peterson also maintained that there was no agreement by which she was supposed to automatically surrender Krystal to Lundin, that Lundin never agreed to the written contract included in the motion for summary judgment, and that all of the conditions of their agreement had not been met because Lundin had agreed to pay for all of the expenses of showing Krystal but had not done so. We conclude that the conflict between Lundin's statements and Nadine Peterson's statements create a genuine issue of material fact and precludes summary judgment.

The Petersons also point out that Lundin failed to refute or overcome their affirmative defenses and counterclaims related to his replevin claim, including their affirmative defenses of estoppel and waiver as well as counterclaims of rescission of the

verbal agreement, breach of the verbal agreement, fraudulent inducement, and unjust enrichment. " 'It is well established that in order for a plaintiff to obtain a summary judgment when the defendant has asserted affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish their legal insufficiency.' " Pavolini v. Williams, 915 So. 2d 251, 253 (Fla. 5th DCA 2005) (quoting The Race, Inc. v. Lake & River Recreational Props., Inc., 573 So. 2d 409, 410 (Fla. 1st DCA 1991)). "As for the counterclaims, the trial court [is] required to consider them to determine if no genuine issue of material fact exists and if the moving party is entitled to a judgment as a matter of law." Sanchez v. Soleil Builders, Inc., 98 So. 3d 251, 254 (Fla. 5th DCA 2012) (citing Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000)). Lundin has not attempted to dispute the Petersons' affirmative defenses or counterclaims.

Lundin maintains that summary judgment was proper because Nadine Peterson's affidavit baldly repudiates or alters her prior testimony. Specifically, he points to her statement that she would "sign off on Krystal," arguing that that statement flatly contradicts her affidavit. It is true that "a party when met by a Motion for Summary Judgment should not be permitted by his own affidavit, or by that of another, to baldly repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the discrepancy." Ellison v. Anderson, 74 So. 2d 680, 681 (Fla. 1954); see also Home Loan Co. Inc. of Boston v. Sloane Co. of Sarasota, 240 So. 2d 526, 526 (Fla. 2d DCA 1970) ("A party opposing a motion for summary judgment will not be permitted to alter the position of his previous pleadings, admissions, affidavits, depositions or testimony in order to defeat a summary

judgment."). But at the same time, "[t]he principle that a party defending a motion for summary judgment is entitled to all reasonable inferences in his or her favor 'includes giving to the previous deposition any reasonable meaning which will not conflict with the subsequently filed affidavit.' " Ouellette v. Patel, 967 So. 2d 1078, 1083 (Fla. 2d DCA 2007) (quoting Koflen v. Great Atl. & Pac. Tea Co., 177 So. 2d 529, 531 (Fla. 3d DCA 1965)). Here, Nadine Peterson's affidavit and her previous testimony can be reconciled. The full context of her statement that she would "sign off on Krystal" is as follows:

> Q: . . . You have not returned [K]rystal to Mr. Lundin, have you?
>
> A: At this point I will sign off on [K]rystal.
>
> Q: That wasn't my question. My question is, you have not returned [K]rystal to Mr. Lundin, have you?
>
> A: No, because everything gets canceled and --
>
> Q: I'm not understanding.
>
> A: Okay. No, I have not.
>
> Q: Okay. Is there a reason you have not done so?
>
> A: Well, there needs to be a lot of things that we need to come to agreement with before she goes back to him.

So Nadine Peterson's testimony was consistent with her statements in the affidavit that there were conflicts as to the terms of the agreement, that the conditions of the agreement had not been met, and that therefore Lundin was not entitled to Krystal.

Accordingly, the circuit court erred in granting summary judgment, and we reverse the circuit court's order.[2]

---

[2]The Petersons also argue that the motion for summary judgment should not have been granted because Lundin untimely disclosed summary judgment evidence

II.    CHANGE OF POSSESSION

Our reversal of the partial summary judgment on Lundin's replevin claim will result in Krystal's return to the Petersons on remand; however, we observe that the trial court also erred by ordering the change of possession of Krystal because the Petersons posted a $20,000 bond.  Section 78.067(2), Florida Statutes (2013), provides that where a court has held a show cause hearing and determined that the plaintiff is entitled to possession of the property pending final adjudication, it shall direct that a writ of replevin be issued.  The section further provides, however, that "the order shall be stayed pending final adjudication of the claims of the parties if the defendant files with the court a written undertaking executed by a surety approved by the court in an amount equal to the value of the property."  Here, the circuit court directed, in the same order in which it granted summary judgment in favor of Lundin, that possession of Krystal be surrendered to Lundin within ten days.  The Petersons moved for a stay pending appeal, which the circuit court denied.  The trial court should have stayed the order and allowed the Petersons to retain possession of Krystal pending final adjudication because they posted bond pursuant to section 78.067(2).  On remand, Krystal should be returned to the Petersons pending final adjudication.

Reversed and remanded with instructions.

BLACK, J., and BAUMANN, HERBERT J., JR., ASSOCIATE JUDGE, Concur.

---

and his motion failed to state grounds with particularity.  As we are reversing on other grounds, it is unnecessary to address these additional arguments challenging the summary judgment order.