NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT BLINN,                               )
                                            )
          Appellant,                        )
                                            )
v.                                          )     Case Nos.   2D14-1634
                                            )                 2D14-2704
WEST SHORE VILLAS OF NAPLES                 )
OWNERS' ASSOCIATION, INC., and              )     CONSOLIDATED
FLORIDA POWER & LIGHT COMPANY,              )
                                            )
          Appellees.                        )
_____)

Opinion filed December 11, 2015.

Appeal from the Circuit Court for Collier
County; Frederick R. Hardt, Judge.

Joshua M. Bialek and Anthony R. McClure
of Porter Wright Morris & Arthur LLP,
Naples, for Appellant.

Christopher D. Donovan of Roetzel &
Andress, LPA, Naples (withdrew after
briefing); Robert G. Menzies of FisherBroyles,
LLC, Naples (substituted as counsel of
record), for Appellee West Shore Villas of
Naples Owners' Association, Inc.

Alvin B. Davis and Digna B. French of
Squire Patton Boggs LLP, Miami, for
Appellee Florida Power & Light Company.

SILBERMAN, Judge.

These appeals stem from Robert Blinn's action against West Shore Villas of Naples Owners' Association, Inc. (the Association), for various claims arising from the alleged poor condition of electric meters and supporting wires and equipment affixed to Blinn's residence. In appeal no. 2D14-1634, Blinn seeks review of a final summary judgment finding that his claims are barred by the statute of limitations. In appeal no. 2D14-2704, Blinn seeks review of a final judgment awarding prevailing party attorney's fees to the Association. We reverse the final summary judgment because there remain genuine issues of material fact and the record does not establish that the Association is entitled to judgment as a matter of law. We also reverse the corresponding award of prevailing party attorney's fees.

In July 2000, Blinn purchased a residence located in West Shore Villas of Naples. At the time, there were eight electric meters affixed to the exterior wall of the residence. The electric meters, which served Blinn and seven of his neighbors,[1] were owned and maintained by Florida Power & Light Company (FP&L). The Association owned and maintained the equipment supporting the meters.

Blinn considered the electric meters to be illegally mounted and unsuccessfully complained about the meters and their supporting equipment to the Association and FP&L on numerous occasions during the course of his ownership. In December 2011, FP&L replaced the electric meters with new smart meters, but the Association left the original supporting electrical equipment in place. Once again, Blinn demanded the removal of the smart meters and equipment but was refused.

---

[1]At some point in time, there was a dispute as to whether the properties in West Shore Villas were actually condominiums. See § 718.103(11), Fla. Stat. (2012). This may account for the unusual placement of the electric meters.

In November 2012, Blinn filed a complaint against the Association asserting claims for mandatory injunction, trespass, breach of declaration of covenants, and private nuisance. He amended the complaint twice.[2] In the second amended complaint, Blinn asserted that the Association permitted the installation of the smart meters without his consent and without an easement. He also asserted that "[t]he equipment supporting the smart meters is rusting, has not been maintained, poses a present safety hazard, and is creating an ongoing danger to [Blinn] and his Residence." Blinn claimed that, "[d]espite repeated demands, [the Association] refuses to repair, remove and pay for the cost of removal of the encroaching electrical meters."

The Association moved for summary judgment on all counts asserting, among other things, that Blinn's claims were barred by the applicable statutes of limitations. The Association argued that each of Blinn's claims related to the presence of the meters and supporting equipment and the supporting equipment's state of repair. The Association explained that, according to Blinn's deposition testimony, the meters and supporting equipment have been in the same place on the outside of his residence since 2000. The Association also explained that Blinn complained repeatedly about the same problems with the meters and electrical equipment for thirteen years before filing suit. Thus, the Association asserted that Blinn's testimony established that the statutes of limitations expired prior to the filing of his complaint.

---

[2]In the first amended complaint, Blinn added FP&L as a defendant in the injunction, trespass, and nuisance counts. However, Blinn voluntarily dismissed FP&L from the action before the summary judgment hearing. FP&L is therefore a nominal appellee herein. See Fla. R. App. P. 9.020(g)(2).

- 3 -

Blinn argued that the statutes of limitations did not begin to run until 2011 when FP&L installed the smart meters on his residence and the condition of the supporting equipment deteriorated to the point it became a safety hazard. Blinn did not explain why 2011 is the critical point for the deterioration, but he argued that the affidavit of engineer John Williams established a genuine issue of material fact regarding the point of deterioration. This affidavit describes the condition of and certain safety risks related to the meters and equipment based on Williams' August 2013 inspection.

The trial court concluded that Williams' affidavit did not specifically connect the installation of the smart meters in 2011 to the deterioration of the supporting equipment. The court granted the Association's motion and entered final summary judgment. The court also entered an order awarding the Association attorney's fees as the prevailing party.[3] These appeals followed.

In order to establish entitlement to summary judgment, the Association must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. See Competelli v. City of Belleair Bluffs, 113 So. 3d 92, 92 (Fla. 2d DCA 2013). The applicable statutes of limitations are as follows: (1) mandatory injunction based on a breach of the declarations: five years; (2) trespass: four years; (3) breach of declarations: five years; and (4) private nuisance: four years. See § 95.11(2)(b), (3)(g), (3)(p), Fla. Stat. (2012). Unless otherwise provided by

_____

[3]The Association requested fees pursuant to (1) section 720.305(1), Florida Statutes (2013), which provides for prevailing party attorney's fees in "[a]ctions at law or in equity, or both, to redress alleged failure or refusal to comply with these provisions," and (2) section 13.5 of the declarations which provides for prevailing party attorney's fees on the same basis.

- 4 -

statute, "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." § 95.031.

Interestingly, neither the trial court nor the parties addressed the legal issue of when the causes of action accrued so that the applicable statutes of limitations began to run for each of Blinn's four claims. The Association's arguments appear to be premised on the idea that the statutes of limitations began to run when Blinn first learned about the existence of the meters and the supporting equipment's alleged state of disrepair. Blinn's arguments appear to be premised on the statutes of limitations beginning to run in 2011 when the condition of the supporting equipment deteriorated to such an extent that it became a safety hazard.

Unfortunately, the second amended complaint is pleaded in such a way that it is difficult to ascertain exactly which actions of the Association correspond to the alleged breach of contract or tort. Based on this inartful pleading, the brevity of the parties' arguments, and the factual issues that have not been conclusively established, we cannot conclude that the Association is entitled to judgment as a matter of law based on the expiration of the statutes of limitations.

We therefore reverse the final summary judgment in appeal no. 2D14-1634 and remand for further proceedings. Because we are reversing the final summary judgment in appeal no. 2D14-1634, the Association is no longer the prevailing party below. Accordingly, we also reverse the award of attorney's fees in appeal no. 2D14-2704.

Reversed and remanded.

NORTHCUTT and SALARIO, JJ., Concur.